Mr. Justice Hagner
delivered the opinion of the Court:
This case is here on certificate of the justice holding the Criminal Court. It is a prosecution under the Cruelty to Animals ordinance of the first Legislative Assembly, chapter 106 ; one of the sections of which punishes the offense charged: Working mules when unfit for labor.
The 2d section of the act provides that the offender “shall for every such offense be punished by imprisonment in jail not exceeding one year or by fine not exceeding $250 or by both fine and imprisonment.” In this case, Lyon was tried on an information filed in the Police Court, found guilty and a fine was imposed. He appealed to the Criminal Court. This he had a right to do under the Revised *223 Statutes of the District, Section 773 of which prescribes that such appeal shall be tried on the information filed in the court below “ as though the case had originated therein.” The jury in the Criminal Court rendered a verdict of acquittal; and the defendant thereupon moved the court that judgment should be rendered in his favor against the District of Columbia for the amount of the costs charged against him, part of which, consisting of the fees of his own witnesses, he had actually paid out of his own pocket. The question is one of importance,.as its determination will affect a considerable number of cases, and it involves an apparent hardship to which many who have been declared innocent by the verdict of a jury are subjected.
It is insisted the r-ule should prevail in this case which . applies to civil actions, where the defendant is allowed costs if he prevails, in all cases where the plaintiff would have received such an allowance if he had recovered a verdict, or where the plaintiff would have recovered damages.
It is admitted the ruling desired is not supported by the practice of the court; nevertheless, if it is a proper one it should prevail.
It is familiar law that costs were not recoverable by either party at common law, and that it is necessary to show statutory provisions authorizing them before they can be allowed. They were first allowed to plaintiffs by the Statute of Gloucester (6 Edward I) in real actions, and subsequent statutes extended the allowance to other actions. The first statute allowing costs to defendants is 23 Henry VIII, which declared that in certain enumerated actiqns, when the plaintiff was non-suited, the defendant should have his costs; and by the statute of 4 James I, the right was extended to other designated actions, including certain penal actions. But neither of these statutes included prosecutions in any form at the instance of the Government; as well because the Government was not named as because of its position as sovereign suing in its own courts. This was *224 always the construction of the acts in England ; and it was equally well settled in this country. This point came up at an early day in the Supreme Court in the case of United States vs. Hooe et al., 3 Cranch., 73. There the United States had filed a bill in equity to subject certain property to a claim of the Government. The court below dismissed the bill as to Hooe and some others, with costs against the United States, and on appeal the decree was affirmed by the Supreme Court. Afterwards the attention of the court was called to the provision in the decree below awarding costs. The question was then one of first impression in that court. The next day the Chief Justice directed the word “with costs,” to be struck out, as there appeared to ■have been some cause in certain cases for the prosecution; but he observed that the court did not mean to be understood as deciding whether they could award costs against the United States; but left it entirely open for future discussion. Twelve years-afterwards in the case of the United States vs. Barber, 2 Wheat., 395, the court finalty disposed of the question forever in these words by the Chief Justice: “ The United States never pay costs.” Costs are declared to be in the nature of penalties, and statutes imposing them receive strict construction. There is no statute of the United States authorizing the enlargement of the English statute so as to include a ease like the present. An act was passed in Maryland in 1781, declaring that in all prosecutions where the defendant is acquitted he shall not be required to pay costs, but that they should be paid by the State. That statute came very near being a law of the District of Columbia, but it expired in 1799, shortly before the cession of the District, and although renewed in Maryland in 1809 as a permanent statute it never was in force here. It would seem to be, upon the whole, a just enactment, and it should be the law here. If the defendant is convicted on such a prosecution, he must pay an attorney’s fee, to be taxed in favor of the District Attorney, besides all the costs as a part *225 of the penalty, in addition to the fine imposed. If he is acquitted it seems rather a hardship that he finds himself relieved only of the fine and the costs of the District. But this is a prosecution, criminal in its nature, for the offender may be imprisoned in jail for one year, besides paying a considerable fine; and, in this particular, it must be governed by the law affecting criminal prosecutions. We have found only one case, Corporation of Washington vs. Ward, 4 Cranch C. C., that seems at all to support the claim of the defendant. There an ordinance of the corporation of Washington declared that whoever should carry on a brick-kiln without a license should incur a penalty of $10 for every week the business was so continued. The defendant was brought before a justice of the peace for violation of that ordinance, charged with five separate offenses. On appeal to the Circuit Court the judgments were reversed, the Chief Justice delivering a very careful opinion on the subject. Thereupon Ward’s counsel moved for a judgment against the corporation for costs in favor of the defendant. That motion was argued very carefully and held over for several terms from 1831 to 1835, at which term the court ordered the reversal should be with costs against the- District. Judge Cranch in his head-note to the report of the case (no opinion having been delivered), says: “It is in the discretion of the court to allow or refuse costs on the reversal of a judgment of a justice of the peace,” placing the practice upon the discretion of the court.
But that case differed in important particulars from this in that it was a mere suit for a penalty.
The language of the ordinance in that case was: “Any person who shall erect or use a brick-kiln in the City of Washington, without first obtaining a license from the. mayor, shall be subject to a penalty of ten dollars.a week, &c.” Again, appeals from justices of the peace are to be determined on appeal according to the law “ and the equity and right of the matter,” and this provision might justify the *226 appellate court in exercising a discretion, as equity courts may do in respect to the imposition of costs. That case can not be taken as an authority on the point before us.
But the power of Section 839 of our Revised Statutes may be- invoked in such cases as this, and its application would reduce the hardship of this defendant’s predicament very materially.
That section provides that “ in all criminal trials the judge trying the case may allow such number of witnesses on behalf of the defendant as may appear necessary, the fees thereof, with the costs of service, to be paid in the same manner as Government witnesses aré paid."
There was another point alluded to in the argument. We have a proper and reasonable rule, No. 128, which regulates appeals from the Police Court. If some such provision were not in force, nearly every case would be appealed from the Police Court for mere delay.
It requires the defendant to make a deposit of $5 for costs before the clerk shall docket the appeal. The defendant deposited $5 in each of these cases. He has been acquitted, and he wants a return of this money. We are clearly of opinion that no right exists to retain it after the defendant is acquitted. It would be almost an outrage to do so.'
The motion of the defendant certified here is overruled.