# BROWN *v.* SLATER.

---

CERTIORARI; JUSTICES OF THE PEACE; CONCURRENT JURISDICTION; UNLAWFUL DETAINER; EJECTMENT.

1. Under the principle of the doctrine of *res judicata*, where a writ of certiorari to remove a cause from a justice of the peace to the supreme court of this District, on the ground of concurrent jurisdiction as allowed by statute, has been quashed for any defect or insufficiency in the petition or proceeding, and leave to amend denied, the petitioner is not entitled to another writ of certiorari in the same cause on the same or any other ground.

2. In a proceeding before a justice of the peace for the unlawful detainer of real estate under D. C. Code, § 20, the supreme court of the District of Columbia does not have concurrent jurisdiction with the justice of the peace; and therefore no right of removal of the cause to that court

exists under D. C. Code, § 8, giving the right of removal to that court from justices of the peace in cases of concurrent jurisdiction.

3. The court of concurrent authority which first obtains jurisdiction is entitled to hold it to the exclusion of the other, even though that other be a court of general and superior jurisdiction; and the cause cannot be transferred to the latter court by means of certiorari; following *Hendley* v. *Clark*, 8 App. D. C. 165.

4. A proceeding for forcible entry and detainer is not the equivalent of the action of ejectment, the question of title not being at issue in the former, but only the question of possession, while the purpose of the latter is primarily to determine the question of title, and only secondarily the question of possession.

No. 1362.	Submitted November 6, 1903.	Decided January 5, 1904.

HEARING on an appeal by the petitioner from an order of the Supreme Court of the District of Columbia quashing a writ of certiorari.	*Affirmed.*

The COURT in the opinion stated the case as follows:

In this case proceedings were instituted before a justice of the peace, under § 20 of the Code of this District, by the appellee George W. E. Slater, as purchaser in a sale under a deed of trust or mortgage which had been foreclosed, to recover the possession of the property which he had purchased, against the appellant, Eliza Brown, who was the grantor or mortgagor in the deed, and who continued to hold possession after the sale and conveyance to the appellee. The appellant, upon being served with process from the justice of the peace, sought and procured a writ of certiorari from the supreme court of the District to remove the cause into that court on the ground of concurrent jurisdiction, under §§ 8 and 9 of the Code. This writ was subsequently quashed, on the ground, it is said, of alleged insufficiency of allegation as to the concurrence of jurisdiction; and an order was entered remanding the cause to the justice of the peace. A motion was made by the appellant to vacate this order, and the motion was overruled. Thereupon the appellant appealed to this court from the last-mentioned order, and the appeal was dismissed on the ground that the order was not appealable. The

cause was then remanded by this court to the supreme court of the District for the purpose of being remanded to the justice of the peace to be proceeded with according to law, and it was accordingly sent back to the justice of the peace.

Immediately a new writ of certiorari was sued out from the supreme court of the District on the same identical ground, that of concurrent jurisdiction; and a return was made thereto. A motion was made on behalf of the appellee to quash the writ, and it was quashed; and an order was entered remanding the cause to the justice of the peace. From this order the present appeal has been taken to this court.

*Mr. Wm. A. Meloy* for the appellant.

*Mr. Isaac S. Lyon* for the appellee, who also appeared in proper person.

Mr. Justice MORRIS delivered the opinion of the Court:

We are compelled to notice a question which presents itself on the threshold of this case, although it has not been touched upon by either side, either in the briefs or in oral argument. Is there no limit to the number of writs of certiorari which a litigant may sue out in the same case upon the same identical ground? May a litigant, after one writ of certiorari procured by him has been quashed for any defect or insufficiency in his petition or proceeding, and liberty to amend has been denied to him, proceed forthwith to procure the issue of another writ of certiorari on the same identical ground, or on any ground? If this can be allowed, where is the limitation to it, and when can a proceeding affected by it be brought to a termination? The decency and propriety of legal proceedings and the principle of the doctrine of *res judicata* imperatively demand that no such course of procedure be tolerated. It may be that it was upon this ground that the writ was quashed in the court below. Certainly it could properly have been so quashed, without regard to any other question in the case. And upon that ground,

also, we could very properly affirm the order appealed from, or even dismiss the appeal.

But the question sought to be raised is an important one; and, as it will undoubtedly recur again if not now decided, it would seem to be important to determine it at this time, as far as we may. The question is, whether, in proceedings before a justice of the peace for unlawful detainer of real estate by a tenant as against his landlord, or by any other person in the category of those enumerated in § 20 of the Code, there is concurrent jurisdiction given to the supreme court of the District whereby the proceedings can be removed to that court for trial there in the first instance. This question we think must be answered in the negative. We think the provisions of the Code are very plain and decisive to that effect.

Sections 9 and 10 of the Code provide for the jurisdiction of justices of the peace; and § 8 provides that, whenever there is concurrent jurisdiction between the justice of the peace and the supreme court of the District, the former may be ousted, at the instance of a defendant, by a writ of certiorari issued out of the supreme court. Section 9 provides that the justice of the peace "shall have jurisdiction in all civil cases in which the amount claimed to be due for debt or damages arising out of contracts, express or implied, or damages for wrongs or injuries to persons or property, does not exceed $300, including all proceedings by attachment or in replevin where the amount claimed or the value of the property involved does not exceed said sum, except in cases involving the title to real estate, actions to recover damages for assault or assault and battery, or for malicious prosecution, or actions against justices of the peace or other officers for official misconduct, or actions for slander or libel, or actions on promises to marry; and said jurisdiction shall be exclusive when the amount claimed for debt or damages or the value of personal property claimed does not exceed $50, and concurrent with the said supreme court when it exceeds $50."

Section 10 provides that "said jurisdiction of justices of the peace shall extend to cases of trespass upon or injury to real estate: *Provided,* that if the defendant shall file with the justice

an affidavit that he claims title or acts under a person claiming title to the real estate, setting forth the nature of his title, the justice shall take no further cognizance of the case."

Section 13 provides that a justice of the peace shall have jurisdiction in cases of replevin when the value of the personal property sought to be reached by the writ does not exceed the sum of $300. And § 20, under which the proceedings were instituted out of which the present proceedings have grown, provides for the jurisdiction of the justice of the peace in cases of forcible entry and detainer, or the unlawful detainer of real estate after the right to the possession has ceased.

As is apparent from a perusal of the foregoing sections of the Code, the concurrent jurisdiction of the justice of the peace and the supreme court of the District extends only to civil actions for debt or damages, and actions involving the right of possession of personal property, where the amount in controversy or the value of the thing in dispute does not exceed the sum of $300; and apparently, also, to cases of trespass upon or injury to real estate when the title is not in question; but the matter of forcible entry and detainer, and of unlawful detainer after the right of possession has ceased, is a special and distinct jurisdiction of different origin and governed by its own special provisions. In the grant of this jurisdiction to the justice of the peace there is no mention whatever of concurrence of authority with the supreme court of the District. On the contrary, the whole tenor of the provisions of the Code on this subject is distinctly antagonistic to the theory of concurrence of jurisdiction.

Five several sections of the Code (§§ 20–24) are devoted to the subject, and the course of procedure to be pursued is distinctly prescribed. One of these sections provides that, "if upon the trial the defendant pleads title to the premises in himself or in another under whom he claims, setting forth the nature of said title under oath, and shall enter into an undertaking, with sufficient surety, to be approved by the justice, to pay all intervening damages and costs and reasonable intervening rent for the premises, the justice shall certify the proceedings to the supreme court of the District of Columbia, and the same shall

be further continued in said court according to its rules." [§ 23.] This provision would be wholly superfluous and an absurdity, if any defendant could at any time, without oath or bond or undertaking of any kind, have the cause transferred to the supreme court of the District upon the ground of concurrent jurisdiction by means of the writ of certiorari.

An appeal is provided from the judgment of the justice of the peace in all cases involving more than $5 of value. But the proceedings in appeal in cases of forcible entry and detainer, which are regulated by §§ 1232 and 1233 of the Code, are different from those which govern appeals in ordinary cases. These latter are regulated by §§ 30 and 31 of the Code.

Before the adoption of the Code no one supposed that proceedings in forcible entry and detainer, which depended upon the statute of July 4, 1864, incorporated into the Revised Statutes of the United States for the District of Columbia as §§ 684–691, were subject to the concurrent jurisdiction of the supreme court of the District, which was specially provided by the act of Congress of February 19, 1895, for cases where the amount in controversy was between $100 and $300, although the jurisdiction did not originate in that statute. The only mode by which such proceedings could be transferred to the supreme court of the District was by appeal; and it is not apparent to us that the Code has made any different disposition in that regard.

The case of a mortgagor improperly or unlawfully holding over after a foreclosure or sale of the mortgaged premises has been assimilated by the Code to that of a tenant holding over after his tenancy has expired, and is included in the category of cases of forcible entry and detainer and unlawful detainer, for which summary proceedings before a justice of the peace were deemed by the legislative authority to be a proper remedy. It is plain that the legislative purpose would be nullified by the establishment of the theory of concurrent jurisdiction in the supreme court of the District.

It is argued, however, that, inasmuch as before the adoption of the Code the only remedy for the purchaser of mortgaged property seeking to get possession of that property, as

against a dishonest mortgagor seeking to retain such possession, was by way of the action of ejectment, as held by the Supreme Court of the United States in the case of *Willis* v. *Eastern Trust & Bkg. Co.* 169 U. S. 295, 42 L. ed. 752, 18 Sup. Ct. Rep. 347, and as that action remains in force unimpaired and unaffected by the Code; and inasmuch as the remedy by the way of proceedings before a justice of the peace for unlawful detainer has been superadded by the Code to obviate the difficulty occasioned by the decision in the case of *Willis* v. *Eastern Trust & Bkg. Co.* therefore there is now concurrent jurisdiction between the supreme court of the District and the justice of the peace in all such cases.    But this argument we regard as fallacious.    If it were well founded, the result would be that any defendant in proceedings before a justice of the peace for unlawful detainer might, if he so elected, nullify the act of Congress providing for such proceedings by compelling the transfer of the cause to the supreme court of the District by the writ of certiorari, and requiring the plaintiff to proceed in that court by way of the action of ejectment.    It cannot be that an act of Congress, provided to meet an intolerable evil arising out of dishonest purpose to maintain the possession of real estate after the right of possession has ceased, can be made dependent for its efficacy upon the consent of the very person whose dishonesty it was intended to obviate.    But even if it should be held that by virtue of the statute there was a concurrence of jurisdiction created, it would not follow that the defendant could have the cause transferred at his own volition to the supreme court of the District.    Inasmuch as this class of cases is not among those enumerated in §§ 8, 9, and 10 of the Code, which might be so transferred by writ of certiorari, it would remain subject to the rule laid down by this court in the case of *Hendley* v. *Clark,* 8 App. D. C. 165, which holds that the court of concurrent authority which first obtains jurisdiction is entitled to hold it to the exclusion of the other, even though that other be a court of general and superior jurisdiction, and that the cause cannot be transferred to this latter through the means of the writ of certiorari.

But we hold that no case of concurrent jurisdiction is made by the Code in this case. The proceedings for forcible entry and detainer are not the equivalent of the action of ejectment. Whatever the latter may have been in its origin, its purpose in our country and in our American jurisprudence has always been primarily to determine the question of title, and only secondarily, and as a corollary to the other, the question of the right of possession. The proceedings for forcible entry and detainer and for unlawful detainer were devised by the legislative authority as a remedy to supplement the insufficiency of the action of ejectment in cases in which there is no lawful right or claim of title, and possession is perversely withheld from the lawful owner. The title is not tried and is not at issue in them, but solely the right to the possession. The proceeding for forcible entry and detainer and for unlawful detainer was devised mainly to meet the case of vexatious and dishonest holding over by tenants of property leased or rented to them. The Code has added the analogous case of mortgagors vexatiously or dishonestly holding over against purchasers of the mortgaged property. It was a special device designed to meet a growing evil, and it cannot, with any propriety, be regarded as the equivalent of the action of ejectment, so as to be deemed to confer concurrent jurisdiction; and we are of opinion that there is no concurrent jurisdiction in this case between the supreme court of the District and the justice of the peace, and, therefore, no ground for the issue of the writ of certiorari to remove the cause from the justice of the peace to said supreme court.

The writ of certiorari was properly quashed, and the order quashing it will therefore be *affirmed with costs.*　*And it is so ordered.*