## SYMONS v. SYMONS et al.

(Court of Appeals of District of Columbia. Submitted January 5, 1921. Decided June 6, 1921. Rehearing Denied October 3, 1921.)

No. 3413.

1. **Divorce** ⬤➞129(1)—**Proof of adultery must be clear and convincing.**

    In an action for absolute divorce on the ground of adultery, proof of adultery must be clear and convincing.

2. **Divorce** ⬤➞129(16)—**Evidence held to establish adultery.**

    In an action for absolute divorce on the ground of adultery, evidence *held* to establish adultery.

    Smyth, Chief Justice, dissenting.

Appeal from the Supreme Court of the District of Columbia.

Action by William L. Symons against Helen Dent Symons and another. Decree for defendants, and plaintiff appeals. Reversed.

Andrew Wilson, of Washington, D. C., for appellant.

J. Lewis Smith, Louis A. Dent, and Wharton E. Lester, all of Washington, D. C., for appellees.

HITZ, Acting Associate Justice. This is an appeal from a decree of the Supreme Court of the District of Columbia dismissing a bill for absolute divorce, and naming a corespondent. There are 18 assignments of error, all but the first, which covers the denial of the relief prayed for, relating to the exclusion of evidence offered by appellant or the admission of testimony over his objection.

[1] The statement of evidence presents a question of fact as to whether the cause of action is established. The principles governing the determination of a case like this are well established by the decisions of this court, and require the proof to be clear and convincing.

[2] With these principles in mind, we have carefully examined the testimony, and are constrained to hold that a case entitling the appellant to the decree prayed for has been established, and no good purpose would be accomplished by a review of the evidence. It follows that the decree appealed from must be reversed, at the cost of the appellee Frederick Eichelberger, and the cause remanded to the court below, with instructions to enter a decree granting the appellant a divorce a vin. mat. from the appellee Helen Dent Symons, the costs to be paid by said Eichelberger.

It appears that the husband and wife have two female children, aged respectively 15 and 13 years. The record indicates that they are in a school at the expense of the appellant. In the decree to be entered by the court below as above directed provision should be made for the maintenance of these children by the appellant in such custody as the court may determine that their welfare requires, regard being had to the rights of the mother with respect to visitation.

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SMYTH, Chief Justice (dissenting). The court, without any review of the evidence, sets aside the decree of the trial court, which heard the plaintiff, defendant, and many other witnesses, testify, and had, therefore, an opportunity, which we have not, to study them as they gave their testimony, and brands the appellee Symons, the mother of two female children, aged respectively 15 and 13, as an adulteress. Regard for the feelings of the woman will not support this course, for the finding of the court that she is an adulteress must be more mortifying than anything that could be properly said in such a review. Both the defendant and corespondent emphatically deny any improper relations. Not a particle of evidence appears in the record which justifies anything more than a strong suspicion.

Consider, for instance, the Virginia Beach trip, upon which so much stress is laid. Defendant's father and herself met the corespondent on the boat going to Norfolk. She and her father occupied adjoining staterooms, between which the door was open all night. At Norfolk she never saw the corespondent out of her father's presence, except for a few hours, during which time she and the corespondent rode on a trolley to Virginia Beach, a short distance away, where they went in bathing. They were seen there by persons who afterwards testified in the case, and no one says there was anything improper in their conduct during that period. They returned to Norfolk by trolley early in the afternoon and joined defendant's father. When it was time for them to leave for Washington, it was found that defendant could not get a stateroom. She was required to be at home the next day. Corespondent had a stateroom and turned it over to her, and he, with many others, slept in the saloon cabin. The father did not return with them. He testified that the corespondent was "a friend of both families," and he felt no uneasiness in placing his daughter in his hands. Both the defendant and the corespondent deny that the latter was in the stateroom at any time when defendant was there, and deny any improper relations during the trip, and no one contradicts them. A good deal is said concerning the name "M. C. Dent" written on corespondent's stateroom card. It is the name of defendant's father, and was placed there by his direction and for legitimate reasons, so he said. It is on testimony of this character that the woman is condemned.

Recently this court, in a like case (Topham v. Topham, 50 App. D. C. 229, 269 Fed. 1013), spoke thus:

"Twenty-six years ago this court, in Glennan v. Glennan, 3 App. D. C. 333, 22 Wash. Law Rep. 473, a similar case, said: 'In order to sustain a charge which not only brings lasting shame and disgrace to the wife, but also to her innocent children, the proof must be clear and satisfactory. Strong suspicion, or circumstances of suspicion, are not sufficient.' The rule then enunciated has been the guide of the trial court and alluded to as the settled policy of this court. Krous v. Krous, 41 App. D. C. 200, 41 Wash. Law Rep. 834; McKitrick v. McKritrick (Nov., 1919) 49 App. D. C. 109, 261 Fed. 451."

Apply that law here, and this woman has not been proven guilty. The record undoubtedly shows that she was guilty of many acts of in-

discretion with the corespondent, but acts of that character do not necessarily prove adultery. If they did, there would be many cases of adultery, where such a thing was not thought of by the actors.

Believing that the decree should be affirmed, I dissent.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.