## EICHELBERGER v. SYMONS.

(Court of Appeals of District of Columbia. Submitted October 9, 1922. Decided April 3, 1923.)

No. 3763.

I. Divorce ☞189—Counsel fees cannot be awarded to husband.

Under Code, §§ 1108, 1109, prescribing the only compensation which shall be taxed and allowed to attorneys which fix the amount of fees of counsel taxable as costs, as between party and party, unless there is special statute, such as section 975, authorizing an allowance of counsel fees to the wife in a suit for divorce, the counsel fees of a husband, who was plaintiff in suit for divorce, cannot be allowed against the corespondent.

2. Equity ☞62—Is ancillary to law.

Equity is ancillary, and not antagonistic, to the law, and where a statute precludes the authority to make an allowance, equity cannot be invoked to aid in its circumvention.

Appeal from the Supreme Court of the District of Columbia.

Suit for divorce by William L. Symons, in which Frederick Eichelberger was named corespondent. From so much of the decree as

awarded to plaintiff counsel fees against the corespondent, the corespondent appeals. Reversed and remanded.

Wharton E. Lester and Leon Tobriner, both of Washington, D. C., for appellant.

Andrew Wilson, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB, and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellee, Symons, brought suit against his wife in the Supreme Court of the District of Columbia for an absolute divorce, in which he named appellant as corespondent. On motion of defendant the bill was dismissed from which an appeal was taken to this court. Symons v. Symons et al., 51 App. D. C. 69, 275 Fed. 1015. The decree was reversed, with costs to be taxed against appellant, Eichelberger, and the court below was directed to enter a decree granting appellee a divorce. On the mandate of this court appellee was granted a divorce, the costs were taxed as directed, and in addition appellant was decreed to pay as counsel fees to appellee $3,500. From so much of the decree as awarded counsel fees, this appeal was taken.

The authority of the Supreme Court of the District to award counsel fees to a husband in a divorce case is challenged. Under section 975, D. C. Code, the husband may be required in a divorce proceeding to pay alimony and suit money to the wife, including counsel fees. This is to enable her properly to conduct her case, and the order is a proper one, whether the wife is plaintiff or defendant.

This case turns, however, upon the interpretation of sections 1108 and 1109, D. C. Code, which are merely reproductions of sections 823 and 824 of the Revised Statutes of the United States (Comp. St. §§ 1375, 1378). Section 1108 provides as follows:

"The following, and no other, compensation shall be taxed and allowed to attorneys, solicitors, proctors, district attorney, * * * except in cases otherwise provided for by law; but nothing herein shall be construed to prohibit attorneys, solicitors, and proctors from charging or receiving from their clients other than the government such reasonable compensation for their services, in addition to the taxable costs, as may be in accordance with general usage or may be agreed upon."

Section 1109 provides that "on a trial before a jury in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars" may be charged as costs in the case. This section of the statutes likewise prescribes in detail the amount of fees that may be properly charged as costs in cases in the Supreme Court of the District. In Trustees v. Greenough, 105 U. S. 527, 535 (26 L. Ed. 1157), the court interpreting the scope of section 824 of the Revised Statutes, said:

"The fee bill is intended to regulate only those fees and costs which are strictly chargeable as between party and party, and not to regulate the fees of counsel and other expenses and charges as between solicitor and client, nor the power of a court of equity, in cases of administration of funds under its control, to make such allowance to the parties out of the fund as justice and equity may require."

[1, 2] The action here is one "between party and party." No fund is under the control of the court out of which allowance for counsel fees may be made, nor is there any property belonging to the parties, under the control and supervision of the court, which would authorize a departure from the restrictions of the statutes. To extend the authority of the chancellor to the degree assumed in this case, in view of the the express restrictions of the statutes, would be equivalent to a declaration that equity may abrogate the law. On the contrary, equity is ancillary and not antagonistic to the law, and where a statute precludes the authority to make an allowance such as was made in this case, equity cannot be invoked to aid in its circumvention.

Counsel for appellee relies chiefly upon the opinion of Vice Chancellor Pitney in Duke v. Duke, 72 N. J. Eq. 515, 73 Atl. 837, affirmed by the Court of Errors and Appeals 72 N. J. Eq. 941, 73 Atl. 840, where a plaintiff husband was awarded a divorce and decreed counsel fees against the corespondent. This opinion was rendered in 1906 with a statute in force (Laws N. J. 1902, p. 540, § 91) providing that:

"In all causes it shall be lawful to include in the complainant's taxable costs, to be collected as a part thereof, a counsel fee to be fixed by the Chancellor on final decree; in foreclosure causes the counsel fee shall be such percentage, not exceeding 5 per centum of the amount decreed, as the Chancellor may by general rule from time to time prescribe."

Stress is laid upon the statement by the Vice Chancellor in his opinion that the decree for counsel fees was entered "in accordance with a practice which I understood to have the sanction of the Chancellor, and seems to me according to reason, and I believe is according to the English practice." While the opinion makes no reference to the statute, the fact remains that the decree was in accord with a statute which the Vice Chancellor undoubtedly had in mind. A similar decree here would be in violation of express statutory inhibition.

The portion of the decree below appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.