## SHIPLEY v. MAJOR.
### No. 311.

Municipal Court of Appeals for the District of Columbia.

Nov. 7, 1945.

Hanserd K. Presley, of Washington, D. C., for appellant.

Maurice A. Guervitz, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Appellant was the landlord of appellee and brought suit for possession of the leased premises, alleging nonpayment of rent. The complaint sought no money judgment for rent in arrears, but asked for possession of the premises and costs of suit.

When a favorable finding was made for appellant, he asked that there be included in the judgment an attorney's fee. This claim was based on a paragraph of the lease providing, in substance, that if by reason of the tenant's default it became necessary to refer the matter to an attorney, the tenant agreed to pay the attorney's fee. The trial court refused to include an attorney's fee in the judgment, and limited recovery to possession and court costs. Ap-

[11] See McFarland v. United States, App. D.C. 150 F.2d 593.

pellant has appealed from the denial of his claim to an attorney's fee.

■ The action below was a proceeding for possession under Section 11—735 of the 1940 Code. This section, a substantial re-enactment of Section 2 of the Act of July 4, 1864, 13 Stat. 383, Ch. 243,[1] provides a summary method of obtaining possession of real property. The proceeding is a "statutory substitute for the ancient action of ejectment." Thornhill v. Atlantic Life Ins. Co., 63 App.D.C. 184, 70 F.2d 846. The issue to be tried in such a proceeding is the right to possession (Brown v. Slater, 23 App.D.C. 51), and under the original Act the sole relief obtainable was recovery of possession. Under later enactment the landlord may join with his claim for possession a claim for rent. Code 1940, § 45—911. However, recovery of a money judgment for such item is but incidental to the main action, which remains basically and essentially one for possession. If a landlord seeks a money judgment, he must set forth his claim for such in his complaint.[2] Although proceedings in landlord and tenant actions are informal, the tenant is entitled to be informed by the complaint of the nature of the recovery sought against him. Cf. Davis v. Taylor, 51 App.D.C. 97, 276 F. 619. Appellant made no claim in his complaint for a money judgment of any nature. His complaint made no mention of an attorney's fee and no demand therefor appears to have been made until judgment was about to be entered. Under these circumstances we think the trial court was justified in denying the claim for attorney's fee.

■ Appellant argues that his claim for attorney's fee was included in his claim for costs. In the absence of express statutory authority, attorney's fees are not taxable as costs (Fletcher v. Coomes, 52 App. D.C. 159, 285 F. 893, certiorari denied 261 U.S. 619, 43 S.Ct. 363, 67 L.Ed. 830; Eichelberger v. Symons, 53 App.D.C. 116, 288 F. 654), and there is no statute in this jurisdiction authorizing allowance of attorney's fees as part of the costs in a landlord and tenant proceeding. If an attorney's fee is allowable in such a proceeding, it must be allowed by reason of contractual provisions of the lease and not as a part of the costs.

We are not called upon to decide whether, had proper demand been made therefor, the court in such a proceeding would have jurisdiction to award judgment for an attorney's fee. We hold that since appellant sought and obtained a judgment for possession and costs, it was not error to deny him judgment for an item clearly beyond the scope of the relief asked for in his complaint.

Affirmed.

The CHIEF JUDGE sat during the argument of this case, but died before it was decided.

---

[1] Thurston v. Anderson, D.C.Mun.App., 40 A.2d 342.

[2] See Rules 3 and 13, Landlord and Tenant branch of the Municipal Court.