FRASER v. CROUNSE.

No. 323.

Municipal Court of Appeals for the District of Columbia.

May 22, 1946.

Arthur G. Lambert, of Washington, D. C., for appellant.

John Paul Jones, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

PER CURIAM.

This was an appeal from the Municipal Court which resulted in a reversal with instructions to award a new trial. 45 A.2d 757. It is now before us on appellant's motion to require the trial court to tax against appellee the cost of a reporter's transcript of testimony which was made part of the record on appeal.

In his motion appellant recites that he sought to have the clerk of the trial court tax as costs the sum of $139.25 which he paid for the transcript of testimony. The clerk of that court in making up the short copy of judgment noted that the request had been made and that he had refused it "because of the lack of precedent or clear authority for the clerk to tax such costs."

We recognize that making up the cost bill is usually the function of the trial court; but because the question is new in our procedure and involves a construction of our rules, and also because it is represented to us that the trial court is in doubt about the matter, we feel that it should be clarified by us.

As is well known, there are three methods by which testimony in the trial court may be presented to us. One is by an Agreed Statement on Appeal (our Rule 26), the second is by a narrative Statement of Proceedings and Evidence prepared by counsel and approved by the trial judge (our Rule 23(a) (b), and the third method under Rule 23(c) is through the medium of a reporter's transcript of the testimony. The cost of the ordinary transcript of record in the trial court becomes a part of the cost bill and on reversal is taxable in the trial court. This is prescribed by our Rule 41(c). This rule contemplates such costs as have been paid to the clerk of the Municipal Court for the clerical service involved in preparing the record.

The question before us is whether the cost of the services of a court reporter, or of the reporter's transcript of the testimony may be taxed against the litigant who was unsuccessful in this court.

In promulgating our Rule 23(c) we provided an alternative method for bringing up for review the testimony which was before the trial court, in the form of a transcription of the stenographic notes of the evidence and trial proceedings. That is why we provided that any party "may" cause such transcript to be included in the record in lieu of the conventional, narrative Statement of Proceedings and Evidence.

In prescribing in Rule 41(c) that on reversal the cost of the transcript of the record shall be taxable as costs, we had in mind the usual transcript on appeal consisting of copies of the pleadings, and the Statement of Proceedings and Evidence which is ordinarily prepared by counsel and settled and approved by the trial judge. We did not have in mind that the rule would include unusual items of expense such as the cost of a reporter's transcript, so as to make such cost taxable against the unsuccessful litigant in this court. We do not forget that in creating this court Congress prohibited it from requiring printed records or briefs, and prohibited it from taxing the cost thereof if printed. We felt then, and feel now, that for this court to make the cost of reporters' transcripts taxable in the class of cases which come here for review might easily discourage appeals by creating an expense out of all proportion to the amount involved. We express no opinion as to the power of the trial court by rule to make such costs taxable. It has promulgated no such rule.

Therefore, there being no rule on the subject either in the trial court or in this court, we think the item involved can not properly be taxed as costs by either court.

Motion denied.