## THOMPSON v. CLARK.
### No. 742.

Municipal Court of Appeals for the District of Columbia.

Jan. 26, 1949.

Rehearing Denied Feb. 21, 1949.

H. Clay Espey, of Washington, D.C., for appellant.

Herman Miller, of Washington, D.C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant appeals from an order of the trial court refusing to tax three items of costs.

The first item disallowed was $102.34, representing the cost of transcribing part of the testimony in a case which had been brought here on appeal by defendant and reversed by us, the reversal resulting in a judgment of dismissal in favor of defendant.[1]

We held, in an earlier case, that an unusual item of expense such as the cost of a reporter's transcript cannot properly be taxed as costs either by the Municipal Court or by this court because of the fact that such cost was not made taxable by rule of either court. Fraser v. Crounse, D.C.Mun.App., 47 A.2d 96. We repeated that holding in Premier Poultry Co. v. Wm. Bornstein & Son, D.C.Mun.App., 61 A.2d 632. Similarly in Shipley v. Major, D.C. Mun.App., 44 A.2d 540, we held that in the absence of express statutory authority at-

---

[1] Thompson v. Clark, D.C.Mun.App., 61 A.2d 477.

torney's fees are not taxable as costs. These rulings were in conformity with the long established law of this jurisdiction that there being no right thereto at common law the right to costs is dependent upon statutory authority. Eichelberger v. Symons, 53 App.D.C. 116, 288 F. 654; Fletcher v. Coomes, 52 App.D.C. 159, 285 F. 893; District of Columbia v. Lyon, 7 Mackey 222, 18 D.C. 222.

■ Counsel for appellant has argued earnestly that we should re-examine the question, and this we have done. We have again studied the situation and all its implications, and we must again rule that unless and until the Municipal Court adopts a rule making the costs of stenographic transcripts taxable we have no right in connection with individual appeals to enter orders requiring the taxing of such costs. We are aware that the United States District Court has discretionary power to tax as costs the fees for stenographic transcripts. This power was formerly provided by Rule 80(a) of Federal Rules of Civil Procedure, 28 U.S.C.A., and is now provided by Title 28 U.S.C.A. § 1920. But in the Municipal Court such discretion has not been provided for, either by statute or by rule.

■■ Also disallowed was an item of $50 paid by defendant as premium to a surety company for writing his bond to operate as a supersedeas on his former appeal in order to prevent his eviction. The trial court refused to allow this item as a taxable cost and appellant urges that this was error.

Usage and practice as well as statutory law determine whether the cost of a bond is taxable. This was declared by the Supreme Court in Newton v. Consolidated Gas Co., 265 U.S. 78, 44 S.Ct. 481, 484, 68 L.Ed. 909. There the Court allowed the expense of a bond which had been posted to secure the release of a large sum of money which was impounded. The Court said: " * * * a rule of court or usage which imposes the expense of the security on the defeated party is not unreasonable." But the Court also said that allowances of costs in federal courts rests not upon express statutory authority but upon usage long continued and confirmed by implication from provisions in many statutes; and went on also to say: "It may be that, in a circuit and district where no usage or rule of court exists, such costs may not be taxed." In a later case, Kansas City Southern R. Co. v. Guardian Trust Co., 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659, the Supreme Court held that "costs" means amounts taxable as such under acts of Congress, rules promulgated by its authority and practice established consistently with governing enactments. In two well-considered federal cases on which appellant relies premiums on bonds were held taxable under an existing general usage in that particular jurisdiction.[2]

Appellant does not claim that there is such a usage in this jurisdiction; nor are we aware of any such usage. Only in the small claims and conciliation branch of the Municipal Court is there a provision for taxing such costs and there under a specific rule[3] adopted by express congressional authority.[4]

We note in passing that the District Court of the United States has never adopted such a rule. We note also that though the Municipal Court has since 1921 had the power to prescribe fees,[5] it has never made costs such as these taxable. In view of these facts we must hold that it was not error to disallow the bond premium as a taxable cost.

■ Appellant also claimed $23.50 for expenses incurred in attempting to take the deposition of plaintiff in advance of trial. In its memorandum the trial court stated as "an added reason" for disallowing such costs: " * * * the fact that these two services were incurred after this Court had granted a motion to strike the notice of taking the deposition in ques-

---

[2] Land Oberoesterreich v. Gude, 2 Cir., 93 F.2d 292, 293; Williams v. Sawyer Bros., 2 Cir., 51 F.2d 1004, 81 A.L.R. 1527.
See also Jenkins Petroleum Process Co. v. Sinclair Refining Co., D.C., D.Me., 26 F.Supp. 845, where it was held that such expenditures are taxable regardless of custom.

[3] Small Claims Rule 11.
[4] Code 1940, § 11—807.
[5] Code 1940, § 11—722.

tion." In the trial court and here appellant has challenged that statement and charges that the record shows the expenses were "incurred" before and not after the court struck the motion for taking the deposition. We do not stop to resolve this dispute between court and counsel. We think this item like the others discussed above not being covered by statute or rule of court was not one which defendant was entitled to demand taxed in the case.

It may be, as appellant's counsel strenuously argues, that unless this situation is changed many a successful litigant will suffer losses and many a defeated one escape costs he should rightfully pay. If that is so it may be that the Municipal Court after inquiring into the situation and possibly after consultation with interested bar association groups may deem it proper to adopt rules to meet the situation. We do not presume to say what action should be taken in this respect. We can only apply the law as we find it.

Affirmed.