**BLOCK v. GATES et al.**

No. 823.

Municipal Court of Appeals for the District of Columbia.

Argued July 25, 1949.

Decided Aug. 16, 1949.

Opinion Modified on Rehearing Oct. 13, 1949.

See 68 A.2d 898.

---

Jacob W. Block, pro se.

Joseph H. Schneider, Washington, D. C. (Ben Lindas, Washington, D. C., on the brief), for appellees George E. Gates and Juanita Gates.

Ernest F. Williams, Washington, D. C., Ruffin A. Brantley, Washington, D. C., for Robert F. Cogswell, Administrator of Rent Control, intervenor.

Herman Miller, Washington, D. C., guardian ad litem, for Barbara Gates, minor.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff as landlord originally sued tenants, a man and his wife, for possession of a three-room apartment on the ground that they had violated a rental agreement by having a baby while in the apartment although it had been covenanted that occu-

pancy would be restricted to the couple and a 13-year-old daughter. The baby was born about two months after the occupancy began. Subsequently and with leave of court the landlord filed an amended and supplemental complaint in which he sought to evict the tenants on the additional ground of nonpayment of rent. He also sued for rent in arrears. The 13-year-old child was permitted to intervene as an additional party defendant. Thereafter the original defendants filed a counterclaim for rent overcharge, for refusal of the landlord to furnish services to which they were entitled under the District of Columbia Emergency Rent Act, D.C.Code 1940, § 45—1601 et seq., and for attorney's fee. The trial court gave judgment for possession to the landlord for the nonpayment of four months' rent amounting to $200 but made no finding on the claim for possession based upon the birth of the baby. The court also gave judgment on the counterclaim for $100 representing twice the rent overcharge plus $50 for failure on the part of the landlord to furnish heat, hot water and the maintenance of the apartment in habitable condition; and also awarded defendants $100 as attorney's fee and $30 to the attorney appointed by the court as guardian ad litem for the 13-year-old child. No appeal has been taken from the judgment for possession, but the landlord appeals from each of the items contained in the judgment on the counterclaim.

The principal controversy on appeal involves the legal rent for the apartment. By an order of the Rent Administrator dated August 1, 1945, the rent on a "unit" basis was fixed at $50 a month. The Administrator's order also provided for rentals per person, the rate per person for triple occupancy being $22.50. The order specified that "The unit rate applies whenever two or more occupants of a unit have entered into a joint agreement with the landlord as to the termination of the tenancy." The landlord required each of the tenants, namely, the man and his wife and the 13-year-old daughter, to sign separate rental agreements and as a result contends that the $50 "unit" rental did not apply but that instead he was entitled to collect $22.50 a month from each member of the family, or a total of $67.50 a month. He did, in fact, collect this amount for the first month of the tenancy which began July 19, 1948.

The trial court ruled that the legal rate for the family was $50 a month and based its judgment on that figure. We have no doubt that the ruling on this point was correct. To require a man and his wife and a child to sign separate rental agreements and use such agreements as a basis for charging a higher rental would constitute an obvious evasion of the Rent Act. It seems entirely clear that the per person rental was not intended to apply to members of a family unit.

Another point raised by the landlord in connection with the trial court's finding of a rent overcharge involves the collection by the landlord of $32.50 described in the rental agreement with the husband as being "deposited as security." The trial court held that this amount was exacted as additional rental over and above the $50 a month legally chargeable and accordingly awarded twice this amount, or $65, in connection with the counterclaim against the landlord.

The local Rent Act, Code 1940, Supp. VI, 45—1611(c) defines "rent" as "the consideration, including any bonus, benefit, or gratuity, demanded or received per day, week, month, year, or other period of time as the case may be, for the use or occupancy of housing accommodations or the transfer of a lease for such accommodations." Discussing the question of security deposits, the United States Emergency Court of Appeals in Shaker Parkway Co. v. Porter, 157 F.2d 920, 924, said: "Making a security deposit in connection with the rental of housing accommodations constitutes both a detriment to the tenant and a benefit to the landlord within the classical definition of 'consideration'. The tenant forgoes the use of the money and subjects himself to other burdens and risks in making the deposit; the benefits to the landlord are fairly obvious, as the complainants are well enough aware."

We agree that the exaction of the security deposit in the present case was a benefit to the landlord and a detriment to

the tenant. It does not follow, however, that the tenant is entitled to recover twice the amount of such deposit. Under the agreement between the parties the landlord was to hold the deposit as security during the period of the occupancy, but he was to make repayment at the end of such tenancy in the event the rental agreement was performed by the tenant. In the present case the tenant violated the agreement by failing to pay rent after the first month of occupancy. In our opinion whatever amount is attributable to the use of the money exacted by the landlord constituted excess rent and therefore the tenant would be entitled to twice such excess. It is obvious, however, that in the present case such amount would be so small as to be negligible and therefore should be disregarded under the principle of de minimis non curat lex. We conclude that while the trial court was correct in ordering the return of the $32.50 deposited as security, the awarding of double that amount can not be sustained. This conclusion is in accord with the original position of defendants who in their counterclaim requested only that they be given credit for the security deposit without penalty.

■ The landlord also has excepted to that part of the judgment on the counterclaim awarding defendants $50 for the failure of the landlord to furnish heat, hot water and maintenance of the apartment in habitable condition. As to this item it is sufficient to say there is ample evidence in the record to support the trial court's finding that the landlord refused to supply the services requested or at least delayed furnishing such services for long periods of time. Under such circumstances the judgment of the trial court in this respect will not be disturbed on appeal.

■ The landlord also assigns as error the awarding of $100 as counsel fee to the tenants and the awarding of $30 to the guardian ad litem for the minor defendant. So far as the first item is concerned, the statute, Code 1940, Supp. VI, 45—1610(a), provides for reasonable attorneys' fees to be determined by the trial court where judgments are awarded for rent over-charges and refusal to render required services. Such a fee obviously is allowable whether the judgment results either from an original suit or from a counterclaim. The amount awarded in the present instance was within the discretion of the trial court and was not excessive. With respect to the small fee allowed to the guardian ad litem, this charge also was within the discretion of the trial court, is obviously reasonable, and was authorized by statute.[1]

■ The final assignment of error made by the landlord has to do with the form and amount of recovery contained in the judgment. As already indicated, the court awarded the landlord judgment for possession for the nonpayment of four months' rent at $50 a month, or a total of $200. Apparently, however, the court did not actually award a money judgment to the landlord for rent due, although such money judgment was demanded in the landlord's second amended and supplemental complaint. It was error, therefore, not to award the landlord a money judgment for rent. Furthermore, the amount of rent due, as found by the trial court, was incorrect. This is true because the tenancy began July 19, 1948, and the monthly rental was payable in advance. The amended complaint was filed January 27, 1949, and the trial was held February 16, 1949. The first month's rent having been paid and the defendants remaining in possession of the premises until the date of trial, there was due and owing to the landlord on that date six months' rent, or a total of $300. As already indicated, we find the items constituting the judgment for defendants to be correct with one exception. These items are $32.50 representing the amount paid as "security"; $35 representing twice $17.50, paid as a separate rent overcharge; $50 representing the statutory charge for failure to supply services; and $100 representing attorney's fee awarded to defendants. Such items total $217.50. Under Code 1940, 16—1909, judgments on reciprocal claims between different parties should be set off against each other and satisfaction of both should be entered to the amount of the smaller claim.[2] On net

---

[1] Code 1940, 13—105.

[2] McMahon v. Weiner, D.C.Mun.App., 67 A.2d 682.

account, therefore, as between appellant Block and appellees George E. Gates and Juanita Gates, appellant Block is entitled to a judgment for $82.50. So far as the judgment of $30 to attorney Herman Miller as guardian ad litem for the minor defendant Barbara Gates is concerned, we do not deem this a proper subject for setoff, and hence a separate judgment in behalf of Mr. Miller against appellant Block should be entered.

The judgment of the trial court will be modified as herein indicated and as so modified is affirmed.

Modified and affirmed.