**BLOCK v. GATES et al.**

No. 823.

Municipal Court of Appeals for the
District of Columbia.

Oct. 13, 1949.

Jacob W. Block, pro se.

Joseph H. Schneider, Washington, D. C., with whom Ben Lindas, Washington, D.C., was on the brief, for appellees George E. Gates and Juanita Gates.

Ernest F. Williams, Washington, D. C., with whom Ruffin A. Brantley, Washington, D. C., also filed an appearance, for Robert F. Cogswell, Administrator of Rent Control, intervenor.

Herman Miller, Washington, D. C., guardian ad litem, for Barbara Gates, minor.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellees have filed a motion for reconsideration of our decision and opinion in the above entitled case dated August 16, 1949, 68 A.2d 215, and appellant has filed his opposition thereto. Our conclusion on such motion necessitates a slight modification and clarification with respect to the following two items:

(1) We having determined that appellant, who was plaintiff below, was entitled to a money judgment for $300 for rent due and the trial court having properly allowed an attorney's fee of $100 on account of a rent overcharge and failure to furnish minimum service requirements in accordance with Section 10(a) of the District of Columbia Emergency Rent Act, Code 1940, Supp. VI, 45—1610(a), as part of a counterclaim filed by defendants below, we ordered that such attorney's fee plus additional amounts awarded on the counterclaim be set off against the amount due plaintiff. Since the amount found due to the plaintiff was larger than the total amount, including attorney's fee, found to be due on the counterclaim, we directed that a net judgment be entered in favor of

plaintiff. Defendants have objected to this treatment of the attorney's fee allowed on the twofold theory that attorneys' fees when allowed belong to the attorney rather than to the client and that the attorney has a charging lien on a judgment in favor of his client, which should have priority over a judgment against his client on a setoff. Some support was given to defendants' position by the fact that in our opinion we referred to Code 1940, 16—1909, under which judgments on reciprocal claims between different parties should be set off against each other and satisfaction of both should be entered to the amount of the smaller claim. On reconsideration, however, we have concluded that the facts of the present case do not bring it within the cited Code section because there are not here involved judgments in different actions but rather what should have been one judgment growing out of a suit · and a counterclaim in the same action. Rule 13 (c) of the Municipal Court rules, patterned after Rule 13(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that a counterclaim may diminish the recovery sought by the opposing party. Such was the procedure followed here. It is fundamental, where an established counterclaim is less than the plaintiff's demand, the plaintiff has judgment for the residue only.[1] Thus there should have been only one judgment awarded by the trial court. Instead the trial court awarded two judgments, one for plaintiff and one for defendant, and that error led to our citation of the statute relating to setoff of different judgments. We adhere, however, to our previous position that the attorney's fee allowed to defendants should be included in the amount to be credited against the amount found due to plaintiff. We believe that it is a correct rule of law that an attorney's fee allowed under a statute not providing specifically that it go to the attorney is an allowance to the party and not to the attorney[2] and may be credited in arriving at a net judgment between the parties, and thus that the court should set off the claims, costs, and allowances of one party against those of the other; and also that the claim of an attorney for a charging lien should not defeat such a setoff.[3]

■ (2) The trial court found that plaintiff had made a rent overcharge for one month totaling $17.50. It also found that the so-called "security payment" of $32.50 constituted an overcharge. It added these two figures together making a total of $50 and awarded defendant twice such sum or $100 on account of the counterclaim. We affirmed as to the first item but as to the second held that while the $32.50 "security payment" constituted an overcharge defendant was only entitled to receive credit for the $32.50 as had been asked in the counterclaim and that the use of the money exacted by the landlord was the only overcharge in this respect and that such amount was so small (32¢ as calculated by defendants) that it could be disregarded under the principle of de minimis non curat lex. Defendants in their motion for reconsideration point out that when a rent overcharge is made by a landlord the tenant is entitled to collect twice the overcharge or $50, whichever is greater, and thus that no matter how small an overcharge is the tenant may collect a minimum of $50. This undoubtedly is the law. However, we believe that the trial court was correct in considering the two overcharges as one since both were made in . connection with the only month's rent ever collected. Thus considered the $17.50 actual overcharge and the 32¢ overcharge on account of "security", when doubled, amount to less than $50. It results that the tenant should be

1. 47 Am.Jur., Setoff and Counterclaim, § 105 and cases there cited.

2. The statute under which the counterclaim was filed provides in its applicable part: " * * * the tenant * * * may bring * * * an action for double the value of the services refused * * * plus reasonable attorneys' fees and costs as determined by the court." Code 1940, Supp. VI, 45—1610(a).

3. Bruegge v. State Bank of Wellston, Mo. Sup., 74 S.W.2d 835 and authorities cited therein. See also: 14 Am.Jur., Costs, § 80; 20 C.J.S., Costs, § 218(b); 7 C.J. S., Attorney and Client, § 232; 5 Am. Jur., Attorneys at Law, § 228; 2 Freeman, Judgments, (5th ed.) § 1148.

allowed $50 on account of the rent over-charge instead of the $35 allowed by us in our previous opinion.

Our previous decision and opinion will be modified accordingly, all other items to remain as previously decided.

Modified and affirmed.