## PAREGOL v. SMITH.

### No. 1426.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 8, 1954.

Decided March 26, 1954.

Goldie S. Paregol, Washington, D. C., appellant, pro se.

Franklin A. Higgs, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant landlord sued appellee tenant for possession of the leased premises on the ground of nonpayment of rent. The

complaint did not make claim for a money judgment for rent in arrears, but merely asked judgment for possession. Personal service on the tenant was not made and service was effected by posting a copy of the summons and complaint on the premises. On the return day the tenant appeared in court without counsel and apparently admitted nonpayment of the rent. Thereupon the landlord asked and obtained permission to amend the complaint to include a claim for a money judgment. Judgment was then entered for possession and for rent. Shortly thereafter a writ of restitution on the judgment for possession was issued and executed. About six months later a writ of attachment on the money judgment was issued and funds in the hands of the garnishee were seized. The tenant then moved to vacate the judgment for rent. His motion was granted and the landlord has appealed.

The basic question before us is whether the trial court in the first instance had authority to permit the landlord, who had summoned the tenant into court to answer a complaint for possession, to add to that complaint a claim for a money judgment for rent and to enter judgment thereon.

■ The action for possession in the landlord and tenant branch of the trial court is a purely statutory proceeding and is designed to afford a summary method of obtaining possession of real estate.[1] Service of process may be made under certain conditions by posting a copy of the summons and complaint on the premises, as was done in this case.[2] Originally the sole relief obtainable in the proceeding was a judgment for possession. By later enactment it was provided that "the landlord may join with his claim for recovery of the possession * * * a claim for all arrears of rent", in which case if he ob-

tains judgment for possession he is also entitled to judgment for rent.[3] However, the proceeding remains basically and essentially one for possession and recovery of a money judgment is but incidental to the basic action.[4] The two claims, one for possession and the other for rent, are separate and distinct. As we have pointed out, judgment for possession may be awarded without personal service, but a judgment for rent must rest on personal service or its equivalent. The judgment for possession is executed by writ of restitution. The judgment for rent is executed in the same manner as any other personal money judgment. The landlord is not required to join his claim for rent with his claim for possession, but may make the claim for rent in a separate action in another branch of the court.

■ The result is that a landlord who commences a summary proceeding for possession of real property has the privilege, if he so elects, to add to his claim for possession a claim for rent in arrears and thus utilize the summary procedure to obtain a strictly money judgment as an incident to the possessory action. Our question narrows itself to whether the landlord must make his election when he commences the possessory action or may make it sometime thereafter.

The statute says the landlord "may bring an action to recover possession",[5] and "may join with his claim for recovery of the possession * * * a claim for all arrears of rent".[6] Although the statute does not specifically state that the claim for rent may be joined only when the possessory action is commenced, we think such is the clear implication of the statute. We do not think it was intended that a landlord who has sued for possession and made his choice not to add a claim for rent, may

1. Code 1951, 11–735, as amended by Pub. L.No.71, 83d Cong., 1st Sess., approved June 18, 1953, 67 Stat. 66.

2. Code 1951, 11–736; Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766.

3. Code 1951, 45–911.

4. Shipley v. Major, D.C.Mun.App., 44 A.2d 540.

5. Code 1951, 45–910.

6. Code 1951, 45–911.

at some subsequent stage of the proceeding change his mind and add a claim for rent. We have held that despite the informal nature of landlord and tenant proceedings, the tenant is entitled to be informed by the complaint of the nature of the recovery sought against him.[7] If a tenant brought into court to answer a claim for possession can be suddenly faced with another claim for rent, he ought to be allowed time to consider this new claim and prepare to defend it. This is especially true because Rule 4(c) of the landlord and tenant branch forbids the tenant to file a counterclaim unless the landlord asks for a money judgment for rent. If after suit is brought, a new claim can be added, additional time given to defendant, and counterclaim interposed to the additional claim, the summary nature of the proceeding is lost. It is noteworthy that the rules of the landlord and tenant branch make no provision for adding a claim for rent after suit is commenced. The form of complaint provided by the rules, which was the form used in this case, clearly indicates that the claim for rent, if one be made, should be made in the complaint which is required to be verified.

Our conclusion is that a landlord who sues for possession and omits addition of a claim for rent, may not thereafter in that suit add such a claim. Accordingly the trial court was correct in setting aside the money judgment in this case.

We may add that our ruling takes away no right from the landlord. It merely compels him in filing for possession to elect whether he shall then add his claim for rent or make such claim the basis of a separate suit in another branch of the court. This, we believe, will help prevent undue complexity in proceedings which, although summary in nature and informal in procedure, are vast in number. In 1953 more than 60,000 complaints were filed in the landlord and tenant branch of the trial court and it is common knowledge that in the great majority of those cases the tenants are not represented by counsel.

Affirmed.

QUINN, Associate Judge (dissenting).

The following is the substance of an opinion prepared by me for consideration of my colleagues, which did not meet with their approval. I adhere to my views as therein expressed.

I would rule that the vacating of the judgment by the trial court was error. There can be no doubt that the court had jurisdiction over the person of the tenant, as he voluntarily appeared on the return day and made no objection to the court's jurisdiction over him. It is well settled that failure to raise such a defense, either by motion or by answer, constitutes a waiver of that particular defense.[1] Although an answer to the complaint is not required in the Landlord and Tenant Court,[2] the defense of lack of jurisdiction over the person may be made by motion.[3] The tenant's failure in the present case to make such a motion at the proper time thus waived any objection he may have had to the manner in which he was served with process.

Nor can there be any contention that the court lacked jurisdiction over the subject matter of this suit. Thus, the only question remaining is whether the trial judge had the discretionary power to permit the landlord to amend her complaint. In so far as notice is concerned, a reading

7. Shipley v. Major, D.C.Mun.App., 44 A.2d 540.

1. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, certiorari denied Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573, construing Rule 12(b) F.R. C.P., 28 U.S.C.A., which is basically the same as Municipal Court Rule 12(b), which applies to the Landlord and Tenant Branch under Landlord and Tenant Rule 11.

2. Landlord and Tenant Rule 4(b).

3. Landlord and Tenant Rule 4(d).

of the complaint advised the tenant in no uncertain terms that the landlord wanted to regain possession of her property because he had failed to pay the rent for the month of December 1952, and the amount set forth in the complaint as due was $75. While it is true that the action below was basically one for possession, the enacting statute was amended to permit the landlord to join with his claim for possession a claim for unpaid rent,[4] and such a claim may be made by amending the complaint.[5] One of the functions and duties of the court is to exercise its powers so as to avoid future litigation. Inasmuch as the tenant admitted in open court that he owed the rent, I would hold that there was no abuse of the court's discretion in allowing the complaint to be amended. Therefore the case should be reversed with instructions to set aside the order vacating the judgment below.

4. Code 1951, 45–911.

5. Block v. Gates, D.C.Mun.App., 68 A.2d 215.