## GROOT v. REILLY. *

(Court of Appeals of District of Columbia. Submitted October 10, 1919. Decided December 1, 1919.)

No. 3252.

Constitutional law ☞227, 249—Eminent domain ☞2(1)—War ☞10(1) —Saulsbury Resolution, prohibiting landlord from recovering possession, unconstitutional.

The Saulsbury Resolution, prohibiting recovery of possession of leased real estate during the war, so long as the tenant continues to pay the rent at the agreed rate, is unconstitutional, as taking private property without just compensation, and as being discriminatory between owners of property.

Appeal from the Supreme Court of the District of Columbia.

Action by Caroline I. Reilly against Gertrude Groot. Judgment for plaintiff, and defendant appeals. Affirmed.

W. C. Prentiss, of Washington, D. C., for appellant.

M. N. Richardson and E. L. Wilson, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. Appellee brought action against appellant to recover possession of certain premises. She was defeated in the municipal court. On appeal to the Supreme Court she prevailed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Writ of error dismissed 254 U. S. —, 41 Sup. Ct. 61, 64 L. Ed. —.

It appeared from her affidavit of merit, filed under rule 19, that the lease under which appellant held possession had expired and that the required notice to quit had been given before the institution of the action in the municipal court. This appellant did not deny in her affidavit of defense, but she set up certain matters on the assumption that under the Saulsbury Resolution (40 Stat. 593) they justified her in retaining possession. This was her only defense. As we have held that resolution to be unconstitutional (Willson v. McDonnell, 49 App. D. C. 280, 265 Fed. 432), her position is untenable.

The judgment is affirmed, with costs.

Affirmed.