(No. 19503.—)
CARL A. LUNDGREN, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EDWARD M. IVERSON, Defendant in Error.)

*Opinion filed December 20, 1929.*

MCKENNA & HARRIS, for plaintiff in error.

Mr. JUSTICE SAMUELL delivered the opinion of the court:

Edward M. Iverson was employed by plaintiff in error, Carl A. Lundgren, on and prior to March 23, 1922. On that date he received an accidental injury which arose out of and in the course of his employment. The injury consisted of a fracture at the neck of the left femur. First aid and medical attention were furnished by plaintiff in error. Iverson received medical treatment over a period of several years, both in his home and in hospitals, but no cure was effected, and at the time of the hearing before the arbitrator on May 26, 1927, he had very little use of the injured leg. Although he was unable to resume his former occupation he was able to do work which did not require the use of his injured leg. Plaintiff in error voluntarily paid compensation to Iverson at the rate of $17 per week for 250 weeks, or until $4250 had been paid, this

amount being the maximum amount which could have been recovered as a death benefit under the act of 1921. These payments covered the period from March 23, 1922, to January 12, 1927, the last payment having been made December 23, 1926, and final receipt taken on that date. On January 31, 1927, Iverson made application to the Industrial Commission for further compensation. The arbitrator before whom the case was heard entered a decision finding that the petitioner was not entitled to any further compensation. On review the commission reversed the arbitrator's decision and allowed the petitioner additional compensation for the permanent and complete loss of use of his left leg under clause 15 of paragraph (e) of section 8 of the Workmen's Compensation act of 1921. The case was then taken to the superior court of Cook county on writ of *certiorari* to the commission, the writ having been issued July 6, 1927. On August 9, 1927, while the case was pending in the superior court, Iverson died, and subsequently his death was suggested to the court, together with a certified copy of the death certificate and a motion to remand the case to the commission to take evidence as to the cause of Iverson's death. No action appears to have been taken on said motion, and on December 5, 1928, the superior court entered an order confirming the award but reducing the amount from $2975 to $1413.42, or $17 a week from January 12, 1927, to August 9, 1928. The case comes here on writ of error to the superior court of Cook county and presents but one question for our determination, viz., Did the act of 1921 provide further compensation under paragraph (e) of section 8 where the employee had received, as temporary total compensation, an amount equal to the maximum award which could have been allowed as a death benefit under the act if the employee had died as a result of the injury at the time thereof?

Paragraph (e) of section 8 of the act of 1921, under which the claim for additional compensation was brought,

provides as follows: "For injuries in the following schedule, the employee shall receive in addition to compensation during the period of temporary total incapacity for work resulting from such injury, in accordance with the provisions of paragraphs (a) and (b) of this section, compensation, for a further period, subject to the limitations as to time and amounts fixed in paragraphs (b) and (h) of this section, for the specific loss herein mentioned, as follows, but shall not receive any compensation for such injuries under any other provisions of this act." Following this are enumerated eighteen specific compensable injuries, No. 15 being "for the loss of a leg or the permanent and complete loss of its use," etc. It will be observed that the noun "compensation" where it appears second in paragraph (e) is the object of the verb "receive." Its language, applicable here, is as follows: "For injuries in the following schedule the employee shall receive, in addition to compensation during the period of temporary total incapacity, * * * compensation for a further period, subject to the limitations as to time and amount fixed in paragraphs (b) and (h) of this section." Thus it is apparent that the legislature has in this section said that an employee may have compensation, which compensation may be made up of payments for temporary total disability as well as payment for the specific injuries enumerated in paragraph (e). Such compensation is, however, specifically made "subject to the limitations as to time and amounts fixed in paragraphs (b) and (h)." That is to say, the total maximum amount of compensation which an employee may receive is limited by the limitations in paragraphs (b) and (h). The limitation as to time contained in paragraph (h) is not applicable here and we may therefore disregard it.

Paragraph (b), after providing a method for computing the amount of compensation based on the weekly wage of the employee and providing for the payment of such compensation in weekly payments, reads as follows: "but

not after the amount of compensation paid equals the amount which would have been payable as a death benefit under paragraph (a) section 7, if the employee had died as a result of the injury at the time thereof, leaving heirs surviving as provided in said paragraph (a), section 7." In other words, the total amount which an employee may receive is limited to the amount which could have been recovered as a death benefit if he had died as a result of the injury at the time thereof. In this case the maximum amount which Iverson's heirs could have recovered if he had died at the time of the injury was $4250.

The intent of the legislature to limit the total amount which an employee could recover to the maximum amount of the death benefit, except in the one case of permanent total disability, is manifested throughout the act, and particularly in paragraphs (a) and (d) of section 7, where it is provided that any compensation payments other than medical, etc., shall be deducted in ascertaining the amount payable at death. The policy of the act to limit the amount which an employee may recover to the amount which could be recovered as a death benefit if the employee had died is further evidenced by the fact that there is only one specific exception made in the act, that one being in the case of an award for total permanent disability under paragraph (f) of section 8. If the legislature has specifically provided for this one exception in the entire class of injuries, the injuries not so excepted must be deemed to be in the general class and all other situations are limited to the amount of the death benefit. We think the intent of the legislature to limit the amount which an employee can recover to the amount which could be recovered as a death benefit in case the employee had died is clearly apparent throughout the act, and we are of the opinion that an employee having recovered the maximum amount as temporary total disability cannot recover a further award under the schedule of specific losses provided in paragraph (e)

of section 8. In this case the employee, Iverson, had been paid the maximum amount which he could have recovered under paragraph (*b*) of section 8. He was clearly not entitled to a pension for total permanent disability under paragraph (*f*) of section 8. Having received the full amount which he could recover under the limitations of paragraph (*b*) he was not entitled to any further award.

For the reasons stated the judgment of the superior court is reversed and the award is set aside.

*Judgment reversed and award set aside.*