166 So. 797

## ALABAMA POWER CO. v. CITY OF SHEFFIELD et al.

### 8 Div. 678.

Supreme Court of Alabama.

March 19, 1936.

Andrews & Almon, of Sheffield, and Martin, Turner & McWhorter, of Birmingham, for appellant.

54

Stockton Cooke, Jr., of Sheffield, and John E. Deloney, Jr., of Tuscumbia, for appellees.

KNIGHT, Justice.

Along with the submission of the appeal on the merits, the appellant has submitted a motion praying that the cause be reversed and remanded to the circuit court, in equity, with instructions to allow the ap-pellant, complainant, as it may be advised, to file its supplemental or amended bill in the nature of a bill of review setting up its cause of action under the new loan agreement entered into by and between the government of the United States, acting through the Federal Emergency Administration of Public Works, and the city of Sheffield on December 28, 1932; or that this court remand the cause with instructions to the circuit court of Colbert county to set aside its decree of June 25, 1935, and allow the appellant to file its supplemental or amended bill in the nature of a bill of review, showing the facts set forth in said agreement of December 7, 1935, as it may be advised.

The appellant, complainant in the court below, filed its bill of complaint in the circuit court of Colbert county against the city of Sheffield, the individuals composing the board of commissioners of said city, and Peter Schaut, the treasurer and clerk of said city, seeking to enjoin the city of Sheffield and its officers from carrying into effect a certain loan and grant agreement entered into by and between the city and the United States of America, through the Federal Emergency Administration of Public Works, dated December 28, 1934, whereby the Federal Public Works Administration had agreed to "lend and grant" public funds of the United States to the said city for the purpose of constructing an electric distribution system for said city.

The bill of complaint was filed on May 15, 1935, at which time the said loan and grant agreement, with certain amendments, was in force and effect.

After a hearing upon the bill, the court refused to issue an injunction pendente lite, and sustained demurrers of respondents to the bill, however, affording complainant an opportunity to amend the same within 30 days, but directed that, unless the bill was amended within that time, it should stand dismissed. The complainant declined to amend its bill, but prosecuted the present appeal from said decree.

The decree appealed from was made and entered in the cause on June 25, 1935, and the appeal was taken therefrom on August 5, 1935.

It is undisputed that, after the appeal had been taken in said cause, the

loan and grant agreement made and entered into by the city of Sheffield and the United States of America, the sole basis of appellant's bill, was, before any actual steps had been taken to put it into execution, terminated.

It, therefore, appears that the contract between the city and the government, the basis of appellant's suit, having been terminated, and no longer existing, and no steps having been taken to carry the same into effect to the hurt of appellant, the questions as to the validity of said contract, or the right of the city of Sheffield or of the government of the United States to enter into the same have become moot. The case having become moot, this court will not consider the abstract question of the propriety vel non of the lower court's decree and judgment. For, as pointed out in the cases of Agee et al. v. Cate, 180 Ala. 522, 61 So. 900, 901, and Postal Telegraph-Cable Co. v. City of Montgomery, 193 Ala. 234, 69 So. 428, Ann.Cas.1918B, 554: "It is not the practice of courts to decide cases after the time when a judgment may be made effective. Nor is it customary to decide questions of importance, after their decision has become useless, merely to ascertain who is liable for the costs. To this doctrine this court is fully committed. Comer v. Bankhead, 70 Ala. 136; State ex rel. Case v. Lyons, 143 Ala. 649, 39 So. 214; County of Montgomery v. Montgomery Traction Co., 140 Ala. 458, 37 So. 208." The appeal must, therefore, be dismissed.

The appellant recognizes the fact that the case has become moot by the termination of the contract, the execution of which it sought to enjoin, but insists that, inasmuch as the two contracting parties, the city of Sheffield and the United States, have entered into a new contract, having for its purpose a loan and grant by the government to the city of public funds to construct an electric distribution system, being the identical purpose contemplated by the first agreement, the court should, in response to appellant's motion, remand the cause to the lower court, with directions to allow appellant to bring before the court this new contract.

In support of this contention, appellant brings to our attention the case of Greenwood County et al. v. Duke Power Co. et al. (81 F.(2d) 986), United States Circuit Court of Appeals, Fourth Circuit, No. 4003. It appears that in these cases the court did remand the causes to the lower court, with directions that said courts should reconsider their decisions in the light of the new contracts. However, there was precedent for the action in the federal courts. United States v. Anchor Coal Co., 279 U.S. 812, 49 S.Ct. 262, 73 L.Ed. 971; Atherton Mills v. Johnston, 259 U.S. 13, 42 S.Ct. 422, 66 L.Ed. 814; Hammond v. Schappi Bus Line, 275 U.S. 164, 171, 172, 48 S.Ct. 66, 72 L.Ed. 218; Wyant v. Caldwell (C.C.A. 4th) 67 F.(2d) 374.

The new contract, brought forward in appellant's motion, is no part of the record in this cause, was not considered by the court below, and we cannot consider it upon this appeal. In the consideration of the questions presented by the appeal for review, if considered here at all, this court can only exercise appellate jurisdiction. Abernathy v. Worthy, 221 Ala. 527, 129 So. 472.

The practice adopted by the United States Court of Appeals in the case of Greenwood County et al. v. Duke Power Co., supra, has never prevailed in this court. The appellant's motion must, therefore, be denied. Tennessee Public Service Co. v. City of Knoxville et al. (Tenn.) 91 S.W.(2d) 566.

We note that appellant seems to be impressed with the idea that the decision of the lower court, if its appeal is dismissed, might be res adjudicata in another suit involving the new contract, a contract confessedly not in existence when the original suit was instituted and determined in the lower court, and not, therefore, before said court. In such a situation we see no room for the application of the principle of res adjudicata.

This case having become moot, the appeal must be dismissed.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.