189 So. 886

## LEWIS v. HEAD et al.

### 7 Div. 581.

Supreme Court of Alabama.

June 15, 1939.

152

M. B. Grace, of Birmingham, for appellant.

Leader, Hill, Tenenbaum & Seedman, of Birmingham, for appellees.

GARDNER, Justice.

Appellant moved for a summary judgment against defendant Head, former judge of probate of Shelby County, and the Fidelity and Deposit Company, as surety on his official bond (section 10226 et seq., Code of 1923), to recover the sum of $574.69, which he had paid to said Head as judge of probate for the redemption of land sold for taxes, and bought in by the State. Sections 3110 and 3115, Code of 1923. The motion for summary judgment is based upon the theory that although the proper amount was paid Head, as judge of probate, he went out of office without issuing to movant a certificate of redemption, as required by law, and failed to pay over the sum to his successor or to the State.

The cause was submitted upon motion and merits, the motion being one to dismiss the appeal upon the ground that a moot question only is presented. The motion to dismiss discloses that in a suit by the State against said Head and the surety on his bond, and the party to this proceeding, a judgment was recovered for a large sum of money, including the very sum here involved: that the judgment was paid by this surety, and the money paid by movant properly distributed by the State; and that following this payment the present judge of probate of Shelby County (Hon. L. C. Walker) issued to movant, prior to the perfection of the present appeal, a certificate of redemption. In short, the motion shows that this appellant, before perfecting his appeal, received a proper certificate of redemption, which formed the subject matter of his motion for a summary judgment, and no matter of delay in its issuance has in any manner affected his rights in regard thereto. Roach v. State, 148 Ala. 419, 420, 39 So. 685. The cause was submitted on this motion to dismiss along with a submission on the merits, and there is no denial of the truth of its averments.

Upon submission of this cause on appeal, therefore, there was no actual controversy existing between the parties, movant having received that to which he was entitled and which formed the subject matter of his motion.

It is the general rule that appellate courts do not sit to give opinions on moot questions or abstract propositions (4 Corpus Juris Secundum, Appeal and Error, § 1354), a principle often given recognition and application by this Court. Alabama Power Co. v. City of Sheffield, 232 Ala. 53, 166 So. 797, and authorities there cited. Our authorities are also to the effect that it is not customary to decide moot questions merely to ascertain who is liable for costs. Alabama Power Co. v. City of Sheffield, supra; Coleman v. Mange et al., ante, p. 141, 189 So. 749.

Of course, it is not a moot case if there are important existing rights dependent upon the result, as for instance liability on an injunction bond, as involved in Postal Telegraph-Cable Co. v. City of Montgomery, 193 Ala. 234, 69 So. 428, Ann.

Cas.1918B, 554 and Harris v. Barrett, 206 Ala. 263, 89 So. 717. Likewise, there were existing rights involved in Empire Coal Co. v. Bowen, 195 Ala. 348, 70 So. 283, cited by appellant.

Answering this suggestion, appellant argues that the right to recover a penalty and damages is involved, and therefore a moot case is not presented. Conceding, without deciding, that this suggestion would suffice to retain the cause under the circumstances here disclosed, it is to be borne in mind this is a statutory proceeding (sections 10263–10266, Code of 1923), which is not to be extended by construction (North Birmingham Trust & Savings Bank v. Hearn, 211 Ala. 18, 99 So. 175), and we are cited to no applicable statute authorizing the recovery of any such penalty or damages in a case of this character, nor does our investigation disclose such authority.

All matters considered, a moot case is presented, and the motion to dismiss is due to be granted. It will be so ordered.

Appeal dismissed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.