(No. 27655.—
HENSON ROBINSON COMPANY, Plaintiff in Error *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GEORGE T. SOLOMON, Defendant in Error.)

*Opinion filed March 21, 1944.*

LONDRIGAN & LONDRIGAN, of Springfield, for plaintiff in error.

GRAHAM & GRAHAM, of Springfield, for defendant in error.

Mr. JUSTICE FULTON delivered the opinion of the court:

This case is here on writ of error granted by this court to review the judgment of the circuit court of Sangamon county. The facts are not in dispute. We will, therefore, recite only such facts as bear upon the controverted questions in the case.

While in the employ of Henson Robinson Company, George T. Solomon, the father of five children, was seriously injured on January 17, 1940, when a truck owned by the Henson Robinson Company in which he was riding was struck by an Illinois Central Railroad train. Suit was instituted against the Illinois Central in behalf of Solomon in the circuit court of Sangamon county by Louis F. Gillespie, an attorney who by mutual agreement represented both Solomon and the Hardware Mutual Casualty Company, the insurer of Henson Robinson Company. Prior to trial the cause was settled on or about May 1, 1942, wherein the insurer was paid the sum of $5812.40 for a release and Solomon was paid the sum of $1500 for a release.

Subsequent thereto, on July 13, 1942, Solomon filed a claim for compensation under the Workmen's Compensation Act. Gillespie, the attorney who represented him in the negligence action, testified in substance that at the time of the settlement it was understood by all parties that he was to negotiate a settlement, acting for the insurance company in connection with its subrogation rights under the policy upon the employer, and also for Solomon; that Solomon's injuries, it was understood, would result in more damages than comprehended by the Workmen's Compensation Act and any payments made to Solomon under a settlement payment should be his and not applied against the subrogation rights of the insurer; that the compromised payment made to the insurance company for its release was conceived to be in full settlement of its subrogation rights and the payment made to Solomon was considered to be the excess over the subrogation rights of the insurance company; that at the time of the settlement no determination of the amount that Solomon was or would be entitled to was arrived at; that all parties understood these arrangements. No evidence or understanding to the contrary was offered at the hearing before the arbitrator.

The arbitrator entered a total award for $5687, under the provisions of paragraph (e) of section 8 of the Workmen's Compensation Act, which included total temporary incapacity paid to Solomon in the sum of $1408 to the time of award, and held that the $1500 payment to Solomon from the Illinois Central Railroad was not a credit allowed to the Henson Robinson Company under the award. The Industrial Commission, upon review, raised the total award to $6105, but allowed the settlement of $1500 paid to Solomon by the Illinois Central Railroad Company as a credit thereon.

Upon review by the circuit court of Sangamon county the award of the commission was approved, but that court held that the payment of $1500 to Solomon was not ap-

plicable as a credit in favor of the employer against the award.

It is contended by the employer that:

1. It is the policy of the Workmen's Compensation Act to limit the amount which an employee may recover to the amount payable as a death benefit if the employee had died as a result of the injury, and that under the facts, the Henson Robinson Company was liable only for the total sum of $5500, being the amount Solomon would be entitled to as a death benefit.

2. That the $1500 paid to Solomon should have been allowed as a credit to the employer's compensation liability and to allow the employee to retain the $1500 is to approve the payment of double compensation, and to deny the employer the indemnification required under section 29 of the act.

This case revolves around two questions: (1) As to whether the Workmen's Compensation Act requires an award for temporary total incapacity and award for specific injuries to be held within the total amount which could be awarded for death, and (2) As to whether it is possible for an employer to agree with an employee who is injured by a third person not under the Workmen's Compensation Act that any money received by the employee remain his and need not be applied against the compensation allowed by the Industrial Commission.

Paragraph (e) of section 8 of the Workmen's Compensation Act, prior to its amendment on July 1, 1929, read as follows: "For injuries in the following schedule, the employee shall receive in addition to compensation during the period of temporary total incapacity for work resulting from such injury, in accordance with the provisions of paragraphs (a) and (b) of this section, compensation, for a further period, subject to the limitations as to time and amounts fixed in paragraphs (b) and (h) of this section, for the specific loss herein mentioned, as follows,

* * *." This section was construed by this court in *Lundgren* v. *Industrial Com.* 337 Ill. 246, where it was said that it was the policy of the Workmen's Compensation Act to limit the amount which an employee may recover to the amount payable as a death benefit if the employee had died as the result of the injury sustained, and that section 8, paragraph (e) provided that an employee may have compensation, which compensation may be made up of payments of temporary total disability as well as payment for the specific injuries enumerated in paragraph (e), but that such compensation was specifically made subject to the limitations of the maximum benefit as fixed in paragraphs (b) and (h) of section 8. Paragraph (b) of section 8, by its provisions, limits the temporary total compensation payable to the maximum allowed as a death benefit under the provisions of paragraph (a) of section 7 if the employee had died as the result of the injury, at the time thereof leaving heirs surviving as therein provided.

Paragraph (e) was amended; effective July 1, 1929, to read as follows: "For injuries in the following schedule, the employee shall receive compensation for the period of temporary total incapacity for work resulting from such injury, in accordance with the provisions of paragraphs (a) and (b) of this section, for a period not to exceed sixty-four weeks, and shall receive in addition thereto compensation for a further period subject to limitations as to amounts as in this section provided, for the specific loss herein mentioned, as follows, * * *."

The decision in the *Lundgren case* was filed in this court subsequent to the effective date of the amendment of paragraph (e), aforesaid, but construed the act as it read prior to July 1, 1929. In construing the effect of paragraph (e), as amended, we must determine and give effect to the intent of the legislature. It is apparent that, in fixing a limitation period of sixty-four weeks for compensation for temporary total incapacity and in removing from para-

graph (e) the former limitations as to time and amount fixed in paragraphs (b) and (h) of section 8, it was the intent and purpose of the legislature to alter the meaning and limitation of paragraph (e). It seems clear that now the provisions for temporary total incapacity and for specific injury by the terminology used are independent of one another and are not to be contained within an over-all maximum defined by the death award.

The record does not disclose just how the parties arrived at the terms of the settlement with the Illinois Central Railroad. Apparently the figures arrived at were the result of estimates of the parties' then belief as to what the amount of recovery might be, compared with the recovery under the Workmen's Compensation Act. It seems conclusive, however, from the testimony of the attorney representing both the claimant and the insurer, which testimony has not been contradicted, that at the time of the settlement with the railroad company, it was conceived by all parties that Solomon's injuries would result in a great deal more damages than were comprehended by the Workmen's Compensation Act and that any payments that should be made to Solomon should be his and should not be applied as against any subrogation rights of the insurer, and that the $1500 payment to Solomon was conceived to be the excess over the estimated amount he would be entitled to under an award. That the amount received by the insurer was to be considered in settlement of whatever liability they might be subject to follows logically.

Section 29 of the Workmen's Compensation Act provides that where, as here, an injury is caused by a third person not under the act, legal proceedings may be taken against such third person to recover damages, notwithstanding the employer's payment or liability to pay under the act, but if the employee brings the action and a settlement is made, then from the amount received there shall be paid to the employer the amount of compensation paid

or to be paid by him to the employee as and for compensation. It is further provided that no release or settlement is valid unless the written consent of both the employer and employee are secured.

Here the settlement made in compromise was agreed to by both the insurer for the employer and the employee, who gave written releases in satisfaction thereof. Section 23 of the act prohibits the employee, his representative or beneficiary, from waiving any of the provisions of the act in regard to the amount of compensation payable to such employee, except upon approval by the Industrial Commission. There appears nothing in the act, however, forbidding the employer from waiving any rights he may have. The Workmen's Compensation Act is a statute enacted primarily for the protection of the employee. The question whether the employer may waive his rights to indemnification and agree that the $1500 payable to Solomon was not to be credited against any compensation recoverable from the insurance company, we believe, must be answered in the affirmative. It was said in *Gones* v. *Fisher*, 286 Ill. 606, at page 612; "Each party has an actual and enforceable interest in the judgment in cases where it is in excess of indemnity to the employer, and each party necessarily would have the right to enforce the collection of the judgment and the payment to himself of the portion thereof legally belonging to him."

By agreement the employer waived all right or interest in and to the $1500 payment made to Solomon and is now barred from making any claim for credit upon said amount to apply against its liability under the provisions of the Workmen's Compensation Act.

The judgment of the circuit court of Sangamon county is, therefore, affirmed.          *Judgment affirmed.*