(No. 29276.—

HERMAN E. SMITH *et al.*, Appellees, *vs.* THE FARMERS' STATE BANK OF ALTO PASS *et al.*, Appellants.

*Opinion filed January 23, 1946.*

Ford L. Rendleman, of Anna, for appellants.

Paul D. Reese, of Jonesboro, for appellees.

Mr. Justice Wilson delivered the opinion of the court:

The present appeal is a sequel to *Smith* v. *Farmers' State Bank of Alto Pass,* 390 Ill. 374. The plaintiffs, Herman E. and Gussie Smith, filed a complaint in the circuit court of Union county against the defendants, the Farmers' State Bank of Alto Pass, its president, A. D. Landreth, and Claude and Lanita Messamore. By their complaint, plaintiffs sought (1) specific performance of a contract dated February 11, 1943, granting them an option to purchase certain real estate within three months for

$3500, pursuant to the bank's agreement to convey by warranty deed a valid, unencumbered and indefeasible title in fee simple, meeting all requirements of the United States government, to deliver, without charge to plaintiffs, a policy of mortgagee title insurance in favor of the government, issued by such company as the government should approve, in the amount of the purchase price of the property, and to comply with all requirements of such company, including the furnishing of an abstract of title and a continuation thereof when required; (2) damages from the bank in the amount of $1500; and (3) vacation of a warranty deed dated July 21, 1943, conveying the land in question to Claude Messamore and, also, a mortgage for $2500, executed by Messamore and his wife to Landreth, and their removal as clouds upon plaintiffs' title, and (4) an injunction to enjoin the defendants from proceeding in actions in forcible entry and detainer and distress for rent instituted by them. By an amended prayer for relief, plaintiffs asked that upon the failure of both themselves and the bank to procure title insurance within such time as directed by the court, they, the plaintiffs, be given a reasonable additional time within which to "elect to accept a warranty deed from the Defendant Bank conveying said premises to them" upon their paying the purchase price without requiring the obtaining of mortgagee title insurance. Defendants interposed special defenses to the amended complaint, and filed a counterclaim seeking an accounting of the rents, issues and profits of the property, and asking that Claude Messamore be restored to the possession of the property. Evidence was heard, and a decree was rendered denying specific performance of the contract and awarding plaintiffs $500 damages for its breach, from which was deducted the sum of $306.86 as rent of the premises, and a decree was entered for the balance of $193.14. The decree further directed plaintiffs to deliver possession of the property to Messamore, and awarded a writ of assistance. Plaintiffs

prosecuted a direct appeal to this court. We held that the bank was not relieved from performance of the option upon discovering that its title was not in fee simple but was subject to an outstanding contingent remainder, thereby requiring the bank to deposit in escrow a large part of the purchase price in order to obtain the title insurance and the loan to the purchasers. We concluded, after a complete statement of the facts and a consideration of the issues presented and argued, that plaintiffs were entitled to specific performance; that, this being so, the trial court also erred in awarding possession of the property to Messamore, together with a writ of assistance and, also, in requiring plaintiffs to pay rent for the property. Accordingly, the decree of the circuit court was reversed and the cause remanded, with directions to enter a decree conformably to the views expressed in our opinion.

Thereafter, on plaintiffs' motion for judgment pursuant to our mandate, the cause was reinstated and redocketed in the circuit court of Union county. On August 10, 1945, a decree was entered finding, among other things, that plaintiffs were entitled to recover possession of the property in controversy; that the bank and Messamore, under the levy of a distress warrant, had distrained a sweet-potato crop belonging to plaintiffs, and sold it for $280 and that, consequently, plaintiffs were entitled to recover from the bank and Messamore $280. By the decree, it is further adjudged that the bank, within sixty days, execute and deliver to plaintiffs a warranty deed conveying to them the property involved in this litigation; that the bank, within sixty days, procure and deliver, at its sole expense, to plaintiffs a policy of mortgagee title insurance covering the property described in the option in favor of the United States government, issued by such company as the government has heretofore approved, or shall hereafter within sixty days approve, in the amount of the purchase price of the property, namely, $3500; that plaintiffs, upon the tender or

delivery to them of the warranty deed, together with the policy of mortgagee title insurance, pay the bank the purchase price of $3500, less any amount necessary to pay and satisfy unpaid tax liens, unpaid general taxes and special assessments levied against the property; that if the bank fails and neglects to procure and deliver to plaintiffs, within sixty days, a policy of mortgagee title insurance, covering the property, the plaintiffs are authorized to purchase and procure such policy according to the terms of the option and deduct the cost thereof from the purchase price and pay the balance, if any, to the bank. The costs of the proceeding were ordered paid by the four defendants. Two of the defendants, the bank and Landreth, perfected an appeal. Plaintiffs have filed a motion to dismiss the appeal upon the ground that Claude and Lanita Messamore, two of the defendants, were not served with notice of appeal by the two appealing defendants in conformity with Rule 34 of this court. The motion has been taken with the case.

The motion to dismiss the appeal will be first considered. Rule 34 requires a copy of the notice by which the appeal is perfected to be served upon each party, whether appellee or coparty, who would be adversely affected by any reversal or modification of the order, judgment or decree, and upon any other person or officer entitled by law to a notice of appeal, within ten days after the notice of appeal is filed in the lower court. Admittedly, a notice of appeal was not served by the appealing defendants, the bank and Landreth, upon their codefendants, Claude and Lanita Messamore. Rule 34, as it now obtains, merely requires service of notice of appeal upon those persons who would be adversely affected by a reversal or modification of a judgment, order or decree. Prior to August 1, 1938, Rule 34 required the notice of appeal to be served on each appellee and upon any coparty who did not appear as appellant. The manifest purpose of the modification of the

rule is the simplification of the process of perfecting an appeal and thereby simplifying the record on appeal, in consonance with the Civil Practice Act. The precise question thus presented by the motion to dismiss the appeal is whether Claude and Lanita Messamore, who did not join in the appeal and were not served with notice of appeal, would be adversely affected by a reversal or modification of the decree.

Plaintiffs stress particularly the portion of the decree awarding them $280 against the bank and Messamore in payment of the sweet-potato crop unlawfully distrained. They point out that, under Rule 39, an appellee not prosecuting a cross appeal may assign cross errors. Plaintiffs have not prosecuted a cross appeal, but state that they are, nevertheless, entitled to assign cross errors. The argument is advanced that they might assign cross errors, urging that the money judgment for $280 is erroneous because the evidence disclosed a greater sum should have been allowed. Proceeding with their assumption, they suggest that a review on the merits by this court might result in sustaining an assignment of cross errors and holding the judgment should have been for a greater sum and that, in such event, the rights and interests of Claude Messamore would be adversely affected by such a modification of the trial court's judgment. They recognize, however, that since Messamore has not been served with notice of appeal and is not before this court on the present appeal, such a modification of the judgment by ordering a larger judgment would be ineffective as to Messamore and would only be effective as to the bank because, under section 92 of the Civil Practice Act, a court of review can reverse a judgment as to one or more parties to an action and affirm it as to the remaining parties. Plaintiffs next suggest that if, instead of increasing the judgment of the trial court, its judgment for $280 be set aside and reversed entirely, the rights of Messamore

would be adversely affected because, in this event, the judgment would have to stand against him and he would lose his right of contribution against the bank since he would then have to pay the entire sum of $280. The conclusion is reached, "On either theory of the effect of a reversal or modification of a money judgment rendered against several Parties by a trial court, the interests of the Defendant, Claude Messamore, might be adversely affected by a modification of that part of the decree providing for a money judgment in the instant case." This argument is wholly speculative and without a substantial basis in the record before us. First, plaintiffs have not assigned cross errors and no question of increasing the judgment of $280 in their favor is before us. Next, although the bank and Landreth have assigned error on the part of the trial court in entering a judgment for $280 against the bank and in favor of plaintiffs, this assignment of error has not been argued, and is deemed waived. No question is thus presented either with respect to increasing, decreasing or vacating the judgment for $280.

Plaintiffs point out that a reversal or modification of the decree could adversely affect the rights of Lanita Messamore because all the defendants, whether appealing or nonappealing, were ordered to pay the costs of the action in the trial court and that a reversal or modification of the judgment for costs as to all the other defendants, without a reversal or modification as to her, would require her to pay all the costs without any right of contribution from the other defendants. An adequate answer to this argument is that this court does not review a proceeding for the purpose of determining costs, and where the sole issue presented is the determination of costs, an appeal will be dismissed. *Jones* v. *Clark*, 355 Ill. 527.

We are of the opinion that a reversal or modification of the decree of August 10, 1945, would not be prejudicial, within the contemplation of Rule 34, to the nonappealing

defendants but, in large measure, would be beneficial to them. Plaintiffs' motion to dismiss the appeal must be and is denied.

Seeking a reversal of the decree, the bank and Landreth assail the portion directing the bank, within sixty days, to make, execute and deliver to plaintiffs a proper and sufficient warranty deed of conveyance in fee of the land described in the option, without further providing that the bank would not be required to execute and deliver such deed until required so to do by the United States government. The appealing defendants also attack the decree to the extent it awards immediate possession of the property to plaintiffs before they have paid the purchase price to the bank and adjudges that, in the event the bank fails to procure the policy of title insurance within sixty days, plaintiffs can procure such insurance and deduct its cost from the purchase price. These contentions rest upon the unsupported statements of defendants that the attorney for plaintiffs was notified at the time of the entry of the original decree in the circuit court on February 9, 1944, by the farm supervisor of the Farm Security Administration of Union county that the application of plaintiffs would have to be cancelled and if, later, the decision of the circuit court should be reversed, they could make a new application for a loan. The present record is barren of evidence supportting or even tending to support this assertion.

We have examined the decree of August 10, 1945, and find that it conforms substantially to our directions in *Smith* v. *Farmers' State Bank of Alto Pass*, 390 Ill. 374. The chancellor, upon remandment of the cause, was without discretion concerning the granting of relief to plaintiffs. As we observed in *People ex rel. McLaren* v. *DeBoice*, 377 Ill. 634, "Mandates of this court are not to be treated lightly, but are to be obeyed. They are the law of the case." No useful purpose will be served by setting forth and analyzing in detail the various provisions of the decree

rendered upon the remandment and redocketing of the cause in the circuit court. It suffices to observe that we have carefully examined the decree and find that the mandate has been obeyed and that the law of the case has been followed.

The decree of the circuit court of Union county is affirmed.

*Decree affirmed.*