## William R. Brown, Appellant, v. Vincent O'Brien, Appellee.

### Gen. No. 43,847.

Opinion filed April 2, 1947. Released for publication April 25, 1947.

WILLIAM R. BROWN, *pro se.*

McCARTHY & LEVIN, of Chicago, for appellees.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is an action to recover damages alleged to be due under the terms of a written lease for use and occupancy of plaintiff's premises by defendant for a period after the expiration of the lease. Plaintiff appeals from an order sustaining defendant's motion to strike plaintiff's statement of claim.

The amended statement of claim alleges in substance that defendant executed a written lease of the premises known as 2047 West 110th street in the City of Chicago, "to be occupied solely as a private dwelling," for a term commencing October 1, 1943 and expiring September 30, 1945, at a monthly rental of $125; that more than 30 days prior to September 30, 1945, plaintiff notified defendant that he would not renew or extend the lease beyond the expiration date; that plaintiff has repeatedly requested defendant to surrender the premises to plaintiff which defendant has refused to do, and that defendant has withheld the premises from plaintiff after September 30, 1945.

The lease, which is attached to the statement of claim, provides, *inter alia,* that at the termination of the lease by lapse of time or otherwise defendant "shall yield up immediate possession of the premises and failing to do so defendant shall pay as liquidated damages for the whole time such possession is withheld the sum of $10 per day."

Defendant's motion to strike averred, among other things, that by virtue of the Emergency Price Control Act as amended, damages for occupying housing accommodations after the termination of a written lease are not recoverable; that to permit plaintiff's recovery here would in effect permit him to demand and receive rent for housing accommodations higher than that permitted by the Emergency Price Control Act of 1942; and that defendant's continued occupancy of the housing accommodations involved is not unlawful.

In this court on November 26, 1946 defendant filed a motion to dismiss the appeal. Attached to the mo-

tion is a letter dated November 21, 1946 addressed to the plaintiff and signed by the defendant, the pertinent portions of which read as follows: "I surrendered possession of that property to you on May 20, 1946, i.e., 232 days after the expiration of that lease. . . . I hereby tender to you $2,320 in United States currency, being, as hereinabove set forth, the amount of your claim. In making this tender I do not admit the validity or legality of your claim. I reserve any and all rights which I may have. More specifically, and without limiting the foregoing, I reserve any and all rights which I may have, by virtue of this tender and payment, under the Emergency Price Control Act of 1942 as Amended and the Price Control Extension Act of 1946." Directly beneath defendant's signature on the foregoing letter appears the following: "Received the above twenty-three hundred twenty dollars ($2,320) in currency November 22, 1946. W. R. Brown."

Plaintiff filed objections to defendant's motion to dismiss the appeal, and we took the motion with the case.

Defendant contends that by virtue of acceptance by plaintiff of the sum of $2,320 a controversy no longer exists, all questions having become moot.

Plaintiff maintains that this appeal presents a controversy as to defendant's rights, if any, under the Emergency Price Control Act of 1942 and the Rent Regulations issued thereunder, and that under sec. 57½ of the Civil Practice Act, Ill. Rev. Stat. ch. 110, par. 181.1 [Jones Ill. Stats. Ann. 104.057 (1)], relating to declaratory judgments this court can and must decide the controversy presented on this appeal.

The record discloses that plaintiff made reference to the declaratory judgment statute, section 57½ of the Civil Practice Act, for the first time in this court. In his original statement of claim and in the amended statement of claim he did not seek such relief alone

or as an incident to his action to recover liquidated damages. Since the relief prayed for in his statement of claim was coercive and not declaratory we think plaintiff's contention is without merit.

The lease upon which plaintiff's cause of action is predicated provided for liquidated damages. According to the pleadings defendant remained in possession of the premises after the termination of the lease for 232 days. Plaintiff having accepted the full amount claimed due as liquidated damages under the terms of the lease, we hold that the only matter which remains on this appeal is the question of costs. A court of review will not retain jurisdiction merely to determine the right of costs. (*Railway Express Agency, Inc. v. Illinois Commerce Commission,* 374 Ill. 151, 155.) In *Chicago City Bank & Trust Co. v. Board of Education,* 386 Ill. 508, 520, the court said: "Where there is no real present question involving actual interests and rights for a reviewing court to consider, the court should not be compelled to review a cause merely for the purpose of determining who ought to pay the cost of the suit. A reviewing court should not decide questions that no longer exist merely for the sake of making a precedent."

For the reasons stated, the motion to dismiss the appeal is allowed.

*Appeal dismissed.*

KILEY and BURKE, JJ., concur.