**HOLMES et al. v. FLOYD E. DAVIS CO.**

**No. 791.**

Municipal Court of Appeals for the
District of Columbia.

May 9, 1949.

John J. Spencer, Jr., pro se, of Washington, D. C. (Joseph A. Brown, of Washington, D. C., on the brief), for appellants.

Arthur C. Elgin, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal involves a suit by a landlord for possession of an apartment on the ground that the tenant violated a covenant against subletting contained in a written monthly agreement. The tenant admitted the subletting, and his defense as well as the defense of the subtenant who was permitted to intervene was that the landlord waived the covenant by accepting rent in advance after notice of the subletting. The case was tried to a jury, which returned a verdict for the landlord. The tenant and the subtenant took this appeal.

We have concluded that it is unnecessary to discuss the merits of the appeal, which was filed April 8, 1949. On April 15, prior to oral argument, the landlord, appellee here, filed a motion to dismiss the appeal, accompanied by an affidavit stating that the tenant and the subtenant had on April 11 voluntarily relinquished possession of the premises and that the subtenant, who was the only one who had occupied the apartment under the rental agreement, had removed his personal property and abandoned possession. The landlord urged, therefore, that the case had become moot. The tenant and subtenant did not controvert these allegations and during oral argument agreed that possession of the apartment had been voluntarily given up. They urged, however, that the appeal be considered by us because they had incurred costs exceeding $100 and that in the event the judgment of the trial court is reversed they would be entitled to a judgment against the landlord for such costs.

We hold that the appeal must be dismissed. The rule is well established that where no controversy remains except as to costs an appellate court will not pass upon the merits.[1] We think we should add that during oral argument appellants admitted that the major portion of their "costs" consisted of a charge for the reporter's transcript of the trial. We have

[1] Heitmuller v. Stokes, 256 U.S. 359, 41 S.Ct. 522, 65 L.Ed. 990; Howard v. Wilbur, 6 Cir., 166 F.2d 884, and cases cited; Lewis v. Head, 238 Ala. 151, 189 So. 886; Chambers v. Ashley, 33 Cal. App.2d 390, 91 P.2d 932; Walden v. S. M. Whitney Co., 200 Ga. 6, 36 S.E.2d 157; Smith v. Farmers' State Bank of Alto Pass, 392 Ill. 456, 64 N.E.2d 879; Brown v. O'Brien, 331 Ill.App. 23, 72 N. E.2d 441; Dickey Oil Co. v. Wakefield, 153 Kan. 489, 111 P.2d 1113; Cropper v. City of Natchitoches, La.App., 185 So. 308; Dolan v. Richardson, Mo.App., 181 S.W.2d 997; Cochran v. Rowe, 225 N.C. 645, 36 S.E.2d 75; In re Protest Against Referendum Petition No. 5, 185 Okl. 393, 92 P.2d 374; Isbell v. Rednick, Tex.Civ. App., 193 S.W.2d 736. Contra: Smith v. City of Whitewater, 251 Wis. 306, 29 N.W.2d 33. Cf. Bowen v. Department of Social Security, 14 Wash.2d 148, 127 P. 2d 682.

held on several occasions that under the present status of the rules of the Municipal Court such charges are not recoverable as costs.[2] We also have in mind that the actual court costs in a landlord and tenant action are very small. We see no harm in adding, also, that we have read the transcript and are convinced that were we to pass upon the merits we would have to affirm the judgment of the trial court, since there was ample evidence to support the verdict of the jury and that an assignment of error regarding the trial court's instructions to the jury could not be sustained.

Appeal dismissed.

[2] Thompson v. Clark, D.C.Mun.App., 64 A.2d 166; Sawyer v. Warner, D.C.Mun. App., 63 A.2d 653; Premier Poultry Co. v. Wm. Bornstein & Son, D.C.Mun.App., 61 A.2d 632; Fraser v. Crounse, D.C. Mun.App., 47 A.2d 96.