(No. 31522.—

KENNETH WEAVER, Admr., *et al.*, Appellees, *vs.* THOMAS S. HODGE *et al.*—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellant.)

*Opinion filed September 21, 1950.*

538

Ivan A. Elliott, Attorney General, of Springfield, (William C. Wines, Raymond S. Sarnow, James C. Murray, and A. Zola Groves, all of Chicago, of counsel,) for appellant.

William C. Noel, John Alan Appleman, Joseph M. Williamson, and Eugene Lierman, all of Urbana, for appellees.

Mr. Justice Thompson delivered the opinion of the court:

This is an appeal from an order entered by the circuit court of Champaign County at the December Term, 1949, denying the prayer of a petition by the People of the State of Illinois for the enforcement of a lien upon a fund resulting from judgment previously entered in the cause in favor of plaintiff-appellee Kenneth Weaver, administrator of the estate of Lee C. Weaver, deceased. The proceedings resulting in said order were originated by the filing of an intervening petition with leave of court by the appellant, the People of the State of Illinois. The cause was decided upon a stipulation of facts between the parties. No ques-

tion concerning the pleadings is involved. The trial court found in its order all the matters and things set forth in the stipulation of facts to be true, found the issues in favor of the appellees, decedent's administrator and two minor children, and denied the prayer of appellant's intervening petition.

The pleading and stipulation disclose that Lee C. Weaver died as the result of injuries received when the truck he was driving in the course of his employment as an employee of the Division of Highways, Department of Public Works and Buildings of the State of Illinois, was struck by a truck owned by defendant H. L. Stansell, being driven by defendant's employee, Thomas S. Hodge.

The widow of the deceased filed her application for accidental death benefits under section 11 of the State Employees' Retirement System Act. (Ill. Rev. Stat. 1947, chap. 127, par. 225.) The Retirement System Board paid her the accumulated contributions paid by the deceased as a member of the retirement system, but refused to make payments of accidental death benefits until she had filed her claim under the Workmen's Compensation Act and received a determination thereof, on the ground that the benefits payable from the retirement system are subject to an offset of the payments made under said act. She then filed her claim under the act and received an award of $19.50 per week for 272 weeks and a final payment of $13. Thereafter, the retirement system determined the accidental death benefit to the widow to be the sum of $101.50 per month and commenced to pay her the difference between that sum per month and $19.50 per week, the amount payable under the Workmen's Compensation Act award. The amount actually payable after the offset was approximately $23.50 per month from the retirement system.

Kenneth Weaver, the plaintiff in this case, as administrator of the estate of deceased, thereafter filed this suit against the defendants Hodge and Stansell, under the

Wrongful Death Act, (Ill. Rev. Stat. 1947, chap. 70, pars. 1 and 2,) and recovered judgment against them in the amount of $10,000. Pursuant to a rule upon them, the defendants paid the amount of the judgment to the clerk of the court. The proceeds were paid by the clerk to the plaintiff administrator, who then filed his petition in the county court of Champaign County for authority to distribute. That petition was set down for a hearing on April 18, 1949, after due notice had been given the State. On that date the State filed its petition in the circuit court of Champaign County for leave to intervene and filed its petition to enforce a lien on the proceeds of the judgment in the amount of the award to the widow under the Workmen's Compensation Act. The probate proceedings were stayed pending the determination of the questions raised on the petition to intervene. Over objections of the plaintiff, the State was granted leave to intervene and filed its petition to enforce a lien on the proceeds of the judgment to the extent of the compensation paid and to be paid in the total sum of $5835, under the provisions of section 29 of the Workmen's Compensation Act. (Ill. Rev. Stat. 1947, chap. 48, par. 166.) The intervening petition was heard on a stipulation of facts substantially as heretofore pointed out, and the court denied the petition to enforce the lien on the proceeds of the judgment. There is no dispute on the facts or the propriety of the Workmen's Compensation Act award or widow's benefit under the retirement system. The State appeals from the order denying the petition to enforce the lien on the proceeds of the judgment. The State being directly interested as a party, this court has jurisdiction on direct appeal. Ill. Rev. Stat. 1949, chap. 110, par. 199.

We must first consider a motion which has been filed in this court and taken with the case. Defendants Thomas S. Hodge and H. L. Stansell, by their attorney, and Ray F. Dobbins, as guardian *ad litem* for Thomas S. Hodge, a

minor, have entered their limited and special appearances and filed their motion to dismiss this appeal on the ground that they were not served with notice of said appeal as required by Rule 34 of this court. That rule, so far as pertinent to this motion, provides: "A copy of the notice by which the appeal is perfected shall be served upon each party, whether appellee or co-party, who would be adversely affected by any reversal or modification of the order, judgment or decree, * * * within ten days after said notice of appeal is filed in the lower court."

It is contended that a reversal or modification of the order appealed from would adversely affect them and therefore the omission to serve them is fatal to the appeal. It is apparent the judgment entered against movants in the court below is fully satisfied. The order from which the appeal is taken concerns itself only with the alleged right of the State to enforce a lien upon the proceeds of that judgment in the hands of the appellee-administrator. It is conceded the judgment is valid, binding and satisfied. The order from which the appeal is taken does not purport to pass upon or affect in any way the judgment recovered against movants. The only effect of reversal of the order appealed from would be to require the payment by the appellee-administrator of the amount claimed by the State out of the funds paid by movants in satisfaction of the judgment. Such funds are more than adequate to pay the sum claimed by the State. Movants could not be adversely affected by the outcome of this appeal. Where reversal or modification of an order appealed from will not be prejudicial to the nonappealing defendants, the appeal will not be dismissed. (*Bryant* v. *Lakeside Galleries, Inc.* 402 Ill. 466; *Smith* v. *Farmers' State Bank,* 392 Ill. 456.) The motion to dismiss is denied.

The State contends that under section 29 of the Workmen's Compensation Act, (Ill. Rev. Stat. 1947, chap. 48, par. 166,) the State, as the employer of Lee C. Weaver,

deceased, is entitled to be reimbursed for the amount paid and to be paid by it under the Workmen's Compensation Act as a consequence of the death of Weaver; that it has a right to enforce a lien upon the proceeds of the judgment obtained against the defendant tort feasor.

The appellee administrator contends that under section 11 of the Retirement System Act, (Ill. Rev. Stat. 1947, chap. 127, par. 225,) the State has offset against the benefits due the widow of the deceased from the retirement system the amounts to be paid under the Workmen's Compensation Act; that the enactment of these offset provisions and the withholding of amounts equal to the compensation paid from the benefits under the Retirement System Act are, in fact, a reimbursement of the State and an election to accept the offset in lieu of and in waiver of any other right it might have to subrogation.

The guardian *ad litem* of Eugene Weaver and Paul Weaver, minor children of the deceased, takes the position that his wards have received no award under the Workmen's Compensation Act and that they therefore have a vested interest in the judgment obtained by the administrator, to which the State has no claim or right on which a claim could be enforced under section 29 of the Workmen's Compensation Act.

It is apparent the decisive question is whether, by the offset provisions of section 11 of the State Employees' Retirement System Act, the State has elected to reimburse itself for payments made to the widow under the Workmen's Compensation Act by deducting them from payments due under the Retirement System Act, and whether such election amounts to a waiver of any rights the State, as an employer, has under section 29 of the Workmen's Compensation Act.

It is stipulated that the injuries causing the death of Lee C. Weaver were not caused by any act or omission of the State or its employees, and there is no controversy over

the applicability of section 29 of the Workmen's Compensation Act to the facts in the case. The dispute is confined to the legal questions presented by the application of the statutes involved to the undisputed facts.

It is the contention of the State that under the provisions of section 29 of the Workmen's Compensation Act it is entitled to be reimbursed from the proceeds of the judgment below for the amount paid or to be paid under the award to the widow. The appellee contends that pursuant to section 11 of the State Employees' Retirement System Act the State has offset the payments made to the widow under the compensation act against the payments made to the widow as pension from the retirement system; that this offset amounts to reimbursement of the State for its payments under the Workmen's Compensation Act and that therefore the State has not and will not suffer loss by reason of the award under that act; that therefore there is no basis for reimbursement under section 29 of the act.

Solution of the question would seem to rest in an analysis of the two statutes. Section 29 of the Workmen's Compensation Act provides, in pertinent substance, that where injury or death to an employee, compensable under the act, is not caused by the negligence of the employer or his employees, but was caused by circumstances creating a legal liability in a third person not subject to the act, then legal proceedings may be taken to recover damages against such third person, notwithstanding the employer's liability to pay or payment of compensation. This section then provides that where such suit is brought by the employee or his personal representative and "judgment is obtained and paid, * * * then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative." Section 29 further provides, in substance, that where the injured employee or his personal representative agrees

to receive compensation from the employer under the act, then the employer may have a lien upon any award, judgment or fund out of which such employee might be compensated. It will be further observed that an employer may waive his or its right to reimbursement. *Henson Robinson Co.* v. *Industrial Com.* 386 Ill. 232.

The nature of the right given employers by section 29 has been considered by this court. In *O'Brien* v. *Chicago City Railway Co.* 305 Ill. 244, this court said, "The purpose of section 29 is to require this indemnification of the employer who has not been negligent, out of the recovery against the third person whose negligence caused the injury." In *Huntoon* v. *Pritchard,* 371 Ill. 36, at page 45, it was said, "Section 29 has as its object the reimbursement of the employer where he is compelled to pay compensation as a direct result of the negligence of another." That the State is an employer as contemplated by the Workmen's Compensation Act is conceded and expressly provided in the act itself in section 3 thereof. Ill. Rev. Stat. 1947, chap. 48, par. 139.

No case is cited or found wherein this court has passed upon the right of a State to enforce a lien on a judgment obtained under the Wrongful Death Act. However, in the case of *People ex rel. Barrett* v. *Tull,* 311 Ill. App. 636, the court there, in a situation where a State employee was killed as a result of the negligence of a third party not bound by the act, held that the State was entitled to intervene in a suit by the decedent's widow and be subrogated to the extent of the payments made to the widow under a previous compensation award. In the instant case the State urges the decision of the Appellate Court is persuasive here. Obviously, there is a differentiation when compared with the instant situation, for the reason we have here the added element of an offset against the pension properly payable to the widow from the State Employees' Retirement System.

We have carefully examined the record here, and the contentions made by counsel; however, no case is cited, nor does research produce a case, involving similar elements. Reasoning strained often borders on speculation and would not aid materially in this case. Concisely stated, by the offset provisions of section 11 of the Retirement System Act, the legislature elected to apply the payments under the Workmen's Compensation Act to the State's obligations under the retirement system, and, by such application, to reduce the burden imposed by the retirement act. Such an election is wholly inconsistent with the position taken here by the State that the Workmen's Compensation Act award can be used both to reduce benefits under the retirement system and as a basis for reimbursement out of the administrator's recovery under the Wrongful Death Act. The State has received credit for the sums awarded under the Workmen's Compensation Act against its obligation under the retirement system. It would therefore seem that to permit the State to enforce its lien on the recovery under the Wrongful Death Act, under the situation here, would amount to a duplicate reimbursement. The State having received credit for the Workmen's Compensation Act award against its obligation to pay benefits under the retirement system, it has actually suffered no loss.

It is the position of the State that it has lost the amount of the award and cannot recoup the amount from the retirement system. In view of the conceded fact that the retirement system benefits are obligations of the State, and that these benefits in this case have been reduced by the amount of the Workmen's Compensation Act award payments, such argument does not seem plausible. The State has been relieved of a positive obligation and such relief amounts to reimbursement.

After a careful analysis of the record as presented here, we are of the opinion the State, having elected to relieve itself of its obligation under section 11 of the Retirement

System Act by crediting payments of the award under the Workmen's Compensation Act, waived any right to reimbursement under section 29 of that act and effectively recouped its loss sustained by reason of its payment of compensation to the widow.

The order entered below denying the State's petition to enforce a lien against the proceeds of the judgment obtained by the administrator under the Wrongful Death Act is affirmed.

*Judgment affirmed.*