(No. 4247—

CHARLES LOVE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1951.*

GLENN O. BROWN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

At the January term of this Court, an opinion was rendered in this cause allowing to the claimant an award under Section 8 (d) and Section 7 (h-3) and (1) of the Workmen's Compensation Act the total amount of a death award of $5,785.00 for permanent partial disability; claimant being married, and having one child under 16 years of age dependent upon him for support. Because of his injury, Mr. Love was paid compensation for total temporary disability at the rate of $19.50 a week for a period of 42 1/7 weeks in the amount of $821.83.

On February 7, 1951, the respondent filed its petition for rehearing, and directed our attention to the fact that in the opinion we failed to credit the respondent for the amount of $821.83, which we found had been paid to claimant for compensation for temporary total disability.

On February 16, 1951, claimant filed with the clerk a waiver of his right to answer the respondent's petition.

Respondent seeks to limit the total amount of compensation payable to the amount of a death award in accordance with Section 8 (d).

Section 8 (d) (Chapter 48, Paragraph 145 (d), Illinois Revised Statutes, 1947) provides as follows:

"If, after the accidental injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, except in the cases covered by the specific schedule set forth in paragraph (e) of this section, receive compensation, subject to the limitations as to time and maximum amounts fixed in paragraphs (b) and (h) of this section, equal to fifty per centum of the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. Provided, however, if no compensation is awarded under the foregoing provisions of this paragraph, and when an accidental injury has been sustained which results in a fracture or fractures of the body or bodies of one or more vertebrae resulting in a loss of function of the back, compensation may be allowed for a period not to exceed thirty (30) weeks in addition to compensation for temporary total disability, such compensation to be in lieu of all other compensation specified hereinbefore by this paragraph."

The Supreme Court of this State has repeatedly held that in "specific loss" cases the total of the payments for temporary total disability and specific loss together could not exceed the maximum amount of a death award. In *Lundgren* v. *Industrial Commission*, 337 Ill. 246, the Court said on page 248:

"Thus it is apparent that the legislature has in this section said that an employee may have compensation, which compensation may be made up of payments for temporary total disability as well as payment for specific injuries enumerated in paragraph (e). Such compensation is, however, specifi-

cally made subject to the limitations as to time and amounts fixed in para graphs (b) and (h); that is to say, the total maximum amount of compensation which an employee may receive is limited by the limitations in paragraphs (b) and (h). The limitation as to time contained in paragraph (h) is not applicable here and we may, therefore, disregard it."

In *Henson Robinson Co.* v. *Industrial Commission*, 386 Ill. 232, the Court said on page 236:

"The decision in the Lundgren case was filed in this Court subsequent to the effective date of the amendment of paragraph (e) aforesaid, but construed the Act as it read prior to July 1, 1929. In construing the effect of paragraph (e) as amended, we must determine and give effect to the intent of the legislature. It is apparent that, in fixing a limitation period of sixty-four weeks for compensation for temporary total incapacity and in removing from paragraph (e) the former limitations as to time and amount fixed in paragraphs (b) and (h) of Section 8, it was the intent and purpose of the legislature to alter the meaning and limitation of paragraph (e). It seems clear that now the provisions for temporary total incapacity and for specific injury by the terminology used are independent of one another and are not to be contained within an over-all maximum defined by the death award."

In Angerstein on "The Employer and the Workmen's Compensation Act of Illinois" the limitations as to time and amount of awards under Section 8 (d) are discussed in Section 282, which reads in part as follows:

"The compensation provided in paragraph (d) of Section 8 is expressly made subject to the limitation as to time and maximum amounts fixed in paragraphs (d) and (h) of Section 8. Said paragraph (h) fixes a definite limitation of time such that the compensation payments under paragraph (d) cannot extend over a period of more than eight years from the date of the accident. In other words, an award for permanent partial incapacity could not provide for payments of compensation for more than eight years from the date of accident.

"The limitation as to the total amount of compensation that can be awarded for permanent partial disability, as fixed by reference to paragraph (b), is that the amount can never exceed the amount which would have been payable under paragraph (a) of Section 7, if the employee had died as a result of the injury at the time thereof, leaving heirs surviving as provided in said paragraph (a) of Section 7."

In the case now before this Court, however, we have to determine the question of whether or not "permanent partial disability" differs from "specific loss" in this

type of case, in that the total payments of compensation for temporary total incapacity and the amount paid as an award do not exceed the total amount of a death award.

The case under consideration raises the question as to whether claimant, Charles Love, should be allowed compensation for temporary total incapacity, and also an award in the total amount of a death award.

This Court has not previously ruled on the question involved in this cause, and we have found no cases in which the Supreme Court of this State has ruled squarely on this point.

After a careful review of the claim of Charles Love, we are of the opinion that the total of the payments for temporary total disability and permanent partial disability together cannot exceed the maximum amount provided, which was the amount of a death award.

That portion of the opinion rendered at the January term, which allowed claimant, Charles Love, 42 1/7 weeks for temporary total disability in the amount of $821.83, is hereby vacated.

Claimant is entitled to an award in the amount of $5,785.00, less the sum allowed for temporary total disability of $821.83, leaving a balance of $4,963.17. The differential between claimant's earnings before and after the accident makes claimant's compensation rate $15.18, commencing on October 1, 1949, the day after he received his last compensation payment.

An award is, therefore, entered in favor of claimant, Charles Love, in the amount of $4,963.17, to be paid to him as follows:

$1,136.34 which has accrued, is payable forthwith;
$3,826.83 payable in weekly installments of $15.18, beginning March 16, 1951 for a period of 252 weeks, with a final payment of $1.47.

Rollin Moore was employed to take and transcribe the testimony at the hearing before the Commissioner, for which he made a charge of $70.96. We find this sum reasonable, customary and fair for the services rendered. An award is hereby entered in favor of Rollin Moore in the sum of $70.96.

These awards are subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."