**SMITH v. WORKSMAN.**

**No. 1371.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 28, 1953.

Decided Oct. 21, 1953.

.Thurman L. Dodson, Washington, D. C., for appellant.

Paul Lee Sweeny, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Smith, defendant below, appeals from a judgment for possession entered against him in a landlord-tenant action.

Smith was a joint tenant (along with his ex-partner) of the premises in question under a lease which expired on January 7, 1953. Prior to the expiration date, suit had been brought by Smith against his landlord and his (Smith's) ex-partner in the United States District Court to have the lease reformed so as to include Smith's name in addition to the name of his ex-partner. The suit was compromised before trial and a stipulation entered into by the parties. The stipulation provided that Smith and his joint tenant were to have an option to renew the lease, if they exercised such option jointly within the time prescribed by the terms of the lease; if there was no joint exercise of the option, the landlord could then lease to anyone she desired.

When the expiration date had passed and the joint tenants had failed to exercise their option, the landlord served a thirty days' notice to vacate on appellant Smith, and followed it by this suit for possession. There was no claim for unpaid rent, and therefore the right to possession was the only issue before the trial court.

In his opening statement to the jury (said opening statement having been reserved until the close of plaintiff's case) defense counsel stated that he intended to show that the premises in question were "housing accommodations" as opposed to commercial property, and thus subject to the protection of the District of Columbia Emergency Rent Act.[1] Plaintiff's counsel objected to this statement on the ground that the ten-

1. Code 1951, 45-1601 et seq.

ant could not raise such a defense at that stage of the proceedings, because the question of housing accommodations was *res judicata* between these parties, as no such issue was ever raised in the suit in the District Court. In the course of the discussion defense counsel announced that he had no other defense, and after hearing argument, the trial judge directed a verdict for the landlord.

While this appeal was pending, the Rent Act expired on July 31, 1953. Motion was made by the landlord to dismiss the appeal on the grounds that the question involved had now become moot. With this we agree.

It is well settled that an appellate court will not decide abstract, hypothetical, or moot questions, the determination of which will lead to no practical relief. It is also well settled that if pending an appeal an event occurs which renders it impossible for the appellate court to grant any relief, or makes a decision unnecessary, the question becomes moot and the appeal will be dismissed. McChesney v. Moore, D.C.Mun.App., 78 A.2d 389. This rule has been applied in numerous cases where the statute which was the subject of the appeal had been repealed by the legislature before the appellate court had rendered its decision.[2] Also when an act of Congress has been declared unconstitutional, it has been held that an appellant's position is untenable when his sole defense is the invalid statute.[3] Thus, in Spreckels Sugar Co. v. Wickard, 75 U.S.App.D.C. 44, 131 F.2d 12, the United States Court of Appeals ruled that an appeal involving orders of the Secretary of Agriculture was moot when those orders had been rescinded prior to the disposition of the appeal.

In the present case the act in question has expired rather than having been repealed, but as to the practical effect on appellant's position there is none. When an act has expired, the effect upon past transactions is the same as if it were repealed. Missouri Pac. R. Co. v. United States, D.C. E.D.Mo., 16 F.Supp. 752. Smith's only defense to the suit for possession was that the premises were protected from such action by the Rent Act. The act having expired, there is no longer any possible defense available to him. The only remaining question would be the matter of costs in the trial court, and that alone does not provide a justiciable question on this appeal.[4]

Appeal dismissed.

**2.** New Orleans Flour Inspectors v. Glover, 160 U.S. 170, 16 S.Ct. 321, 40 L.Ed. 382; Wikel v. Board of Com'rs of Jackson County, 120 N.C. 451, 27 S.E. 117; Campbell v. Shelby County, 147 Ala. 703, 41 So. 407.

**3.** Groot v. Reilly, 49 App.D.C. 388, 266 F. 1008.

**4.** Heitmuller v. Stokes, 256 U.S. 359, 41 S.Ct. 522, 65 L.Ed. 990; Holmes v. Floyd E. Davis Co., D.C.Mun.App., 66 A.2d 212.